1 | **Salar Atrizadeh, Esq. (SBN: 255659)**
LAW OFFICES OF SALAR ATRIZADEH
2 | 9701 Wilshire Blvd., 10th Floor
Beverly Hills, CA 90212
3 | Telephone:  310-694-3034
Facsimile:  310-694-3057
4 | Email:      salar@atrizadeh.com

5 | Attorneys for Plaintiff
STEPHANIE SMYTHE

6

7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

11 | STEPHANIE SMYTHE, an individual,

Case No.:  2:15-cv-04801

12 |         Plaintiff,

13 | vs.

COMPLAINT

14 | DOES 1-10, inclusive,

1. VIOLATION OF COMPUTER
   FRAUD AND ABUSE ACT UNDER
   18 U.S.C. § 1030
15 |         Defendants.

2. INVASION OF PRIVACY
16 | 3. CIVIL HARASSMENT IN
   VIOLATION OF C.C.P. § 527.6
17 | 4. INTENTIONAL INFLICTION OF
   EMOTIONAL DISTRESS
18 | 5. NEGLIGENT INFLICTION OF
   EMOTIONAL DISTRESS
19 | 6. DECLARATORY AND INJUNCTIVE
   RELIEF
20

21 | [DEMAND FOR JURY TRIAL]

22

23

24

25

26

27

28

1
**COMPLAINT**

**COMES NOW PLAINTIFF, STEPHANIE SMYTHE, AND AVERS AND ALLEGES**

**AGAINST DEFENDANTS, AND EACH OF THEM, AS FOLLOWS:**

### JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331-1332, in that this action arises from a federal question and there is diversity between the parties hereto.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims because those claims are related to Plaintiff's federal claims, and arise out of a common nucleus of operative facts, and form part of the same case or controversy under Article III  of the United States Constitution.

2. The Court has jurisdiction over Plaintiff's action for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-2203 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

3. Venue is proper pursuant to 28 U.S.C. § 1391 et seq. because: (i) Defendants reside and/or conduct their business in this district; (ii) a substantial part of the events or omissions giving rise to the claim occurred in this district; or (iii) a substantial part of property that is the subject of this action is situated in this district.

### THE PARTIES

4. Plaintiff Stephanie Smythe ("Plaintiff") is and at all times mentioned herein was an individual residing in State of Washington, and at all times relevant herein was a resident thereof.

5. Defendants (collectively "Defendants") reside or do business in Los Angeles, California.  The true names of Does 1 through 10 are unknown to Plaintiff at this time.  Plaintiff sues these Defendants by such fictitious names pursuant to Code of Civil Procedure § 474.  Plaintiff is informed and believes, and based on that information and belief alleges that each of the Defendants designated as a Doe is legally responsible for the events and

---

**COMPLAINT**

happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff alleged herein.

6. Plaintiff is informed and believes, and based on that information and belief alleges that, at all times mentioned in this Complaint, Defendants were the agents and employees of their co-defendants, and in doing the things alleged in this Complaint, were acting within the course and scope of such agency and employment.

## COMMON FACTS AND GENERAL ALLEGATIONS

7. This action arises from the misconduct of Defendants who have engaged in activities constituting, *inter alia*, unauthorized access to computers (i.e., hacking), invasion of privacy, and civil harassment.

8. Plaintiff operates an adult pornographic website ("Website") wherein she posts nude or semi-nude pictures or videos of herself.  Plaintiff is the sole operator of the Website and has neither given permission nor authority to any person to operate the Website.

9. Due to the nature of Plaintiff's profession, it is imperative that she protect her true identity.  Therefore, in order to protect her identity, she uses an alias.  However, as mentioned hereinbelow, Defendants have surreptitiously learned and divulged Plaintiff's true name to the general public.

10. In the recent months, Defendants have published numerous disparaging statements on online forums (collectively "Online Forums").   These Online Forums, include, but are not necessarily limited to, Twitter.com and MyFreeCams.com.  The disparaging statements were all made anonymously and were used to mask Defendants' true identities.

11. In May 2015, Plaintiff received a message at her personal email account telling her that she requested a password change.  On or about May 2015, Defendants accessed Plaintiff's computers without authority in order to gain control over Plaintiff's Website.

---

12. On information and belief, Defendants used cracked or stolen passwords to gain access or control over Plaintiff's Website. Moreover, on or about May 2015, Defendants gained access and/or control over Plaintiff's email accounts in order to expunge their own email messages.

13. In June 2015, Plaintiff's mortgage documents were posted on <u>Twitter.com</u>.  On information and belief, Defendants gained unauthorized access to Plaintiff's computers in order to prevent Plaintiff from gaining income.  On information and belief, the aforementioned mortgage documents contained Plaintiff's personal information.

14. In June 2015, Defendants gained access to Plaintiff's email account on <u>Hotmail.com</u>. Furthermore, Defendants accessed Plaintiff's online accounts at <u>Amazon.com</u> and <u>Walmart.com</u> in order to prevent access thereto.

15.  On or about May 22, 2015, Defendants distributed malware (i.e., malicious software) within Plaintiff's electronic devices in order to cause malfunctions.  Defendants knowingly, and with intent to defraud, trafficked passwords or similar information.  Plaintiff's servers were accessed without authorization, wherein the aforesaid trafficking affected interstate or foreign commerce. These incidents have caused substantial damages towards Plaintiff's electronic devices (e.g., hardware and/or software malfunctions).  On information and belief, the value of the information that was obtained by Defendants exceeds $5,000.

16. Defendants have taunted Plaintiff anonymously by alluding to the fact that they know her true name, age, and/or address.  Defendants have created and uploaded online videos that mention Plaintiff's name in a derogatory manner.  Hence, Defendants are stalking Plaintiff, acting in a sexual predatory manner, and seem to know about Plaintiff's personal life.

17. The publications referred to Plaintiff by her name or alias throughout, were made of and concerning Plaintiff, and were so understood by those who read the publications.

_____

**COMPLAINT**

18. The statements are false as they pertain to Plaintiff.  For example, on June 2, 2015, Defendants created a profile on <u>Twitter.com</u> and stated that Plaintiff is a "con artist woman."

19. As a proximate result of the publications, Plaintiff has suffered from loss of reputation, shame, mortification, and injury to her feelings, causing damages more than the jurisdictional amount.

20. As a proximate result of the publications, Plaintiff has been forced to seek professional medical assistance due to her physical, mental, and/or emotional distress.

21. The publications were not privileged because they were published by Defendants with the malicious intent to harm Plaintiff due to their untrue, exaggerated, and harmful nature.

22. Due to Defendants' malfeasance, misfeasance, or misconduct, Plaintiff's income has decreased substantially over the past months.  In addition, due to Defendants' malice in publishing the online statements, Plaintiff seeks damages in an amount in excess of $75,000.

23. Based on the foregoing, an actual controversy has arisen, and now exists, between Plaintiff and Defendants concerning their respective rights and duties.  As such, a judicial declaration is necessary and appropriate at this time in order for the parties to ascertain their rights and duties pursuant to applicable laws.

## <u>FIRST CAUSE OF ACTION</u>
### VIOLATION OF COMPUTER FRAUD AND ABUSE ACT UNDER 18 U.S.C. § 1030
### (Against All Defendants)

24. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 as though fully set forth herein.

25. In fact, 18 U.S.C. § 1030(a)(2) states, *inter alia*, that it is unlawful to intentionally access a computer without authorization and obtain information from any protected computer.

26. 18 U.S.C. § 1030(a)(6) states, *inter alia*, that it is unlawful to knowingly and with intent to defraud traffic a password or similar information through which a computer may be accessed without authorization, if such trafficking affects interstate or foreign commerce.

27. 18 U.S.C. § 1030(a)(5)(A) establishes a civil cause of action for victims of computer fraud and abuse where an individual "knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer."

28. Defendants accessed Plaintiff's servers without authorization.  Plaintiff's servers each constitute a "computer" within the meaning of 18 U.S.C. § 1030(e)(1).

29. The "computers" identified above were used in interstate commerce or communication and were, accordingly, "protected computers" within the meaning of 18 U.S.C. § 1030(e)(2)(B).

30. Defendants knowingly caused "the transmission of a program, information, code, or command targeted" at protected computers, within the meaning of 18 U.S.C. § 1030(a)(5)(A).

31. As a result of such conduct, Defendants intentionally caused damage without authorization, to these protected computers in violation of 18 U.S.C. § 1030(a)(4) or § 1030(c)(2)(iii).

32. 18 U.S.C. § 1030(a)(5)(C) establishes a civil cause of action for victims of computer fraud and abuse where an individual "intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss."

33. Defendants intentionally accessed protected computers without authorization, and as a result of such conduct, have caused damage.

34. As set forth previously herein, Plaintiff has been damaged in a variety of ways, and has suffered extensive losses, due to the misconducts by Defendants.

35. Moreover, Plaintiff will suffer irreparable harm if Defendants are not permanently enjoined

1   from any further attempts to recover or exert control over Plaintiff's servers.

2   36. Defendants' conduct is in violation of, *inter alia*, 18 U.S.C. § 1030(a)(5)(A) and (C).

3   Pursuant to 18 U.S.C. § 1030(g), "[a]ny person who suffers damage or loss by reason of a

4   violation of this section may maintain a civil action against the violator to obtain

5   compensatory damages and injunctive relief or other equitable relief."

6

7   **SECOND CAUSE OF ACTION**
    **INVASION OF PRIVACY**
    **(Against All Defendants)**

8

9   37. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 as though fully

10  set forth herein.

11  38. Defendants have invaded Plaintiff's privacy by accessing her electronic devices, including,

12  but not limited to, computers without authorization. Furthermore, Defendants have invaded

13  Plaintiff's privacy by accessing her email accounts without authorization. Therefore,

14  Defendants' transgressions constitute invasion of privacy and/or intrusion upon seclusion.

15

16  39. Plaintiff's privacy rights are protected by federal common law, federal public policy,

17  federal statutory law, the federal Constitution, and well as California State common law,

18  California State public policy, California State statutory law, and the California State

19  Constitution.

20  40. In fact, these invasions were and are highly offensive to Plaintiff.  In addition, the invasions

21  would be highly offensive to any reasonable person.

22

23  41. Therefore, Plaintiff has been generally damaged in an amount within the jurisdictional

24  limits of this Court according to proof.

25  **THIRD CAUSE OF ACTION**
    **CIVIL HARASSMENT IN VIOLATION OF C.C.P. § 527.6**
    **(Against All Defendants)**

26

27  42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 as though fully

28

set forth herein.

43. Defendants' wrongful conduct, as alleged hereinabove, though not threatening violence, nevertheless was "a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose."  As such, such misconduct constitutes civil harassment, under C.C.P. § 527.6(b), as well as, misdemeanor crime, under Penal Code §§ 653m and 653.2.  Stated otherwise, the "course of conduct [was] such as would cause a reasonable person to suffer substantial emotional distress, and [did] actually cause substantial emotional distress to the [Plaintiff]" as required by C.C.P. § 527.6(b).

44. As alleged hereinbelow, Plaintiff did, in fact, suffer severe emotional distress as a direct consequence of Defendants' harassment.

45. As a direct and proximate consequence of Defendants' harassment alleged herein, Plaintiff has been generally, specially, and consequentially damaged in the amount to be established according to evidence.

46. Under C.C.P. § 527.6(r), Plaintiff is entitled to an award of the attorney's fees that she incurs to prosecute an action seeking an injunction pursuant to C.C.P. § 527.6.

47. The aforementioned civil harassment was committed willfully and intentionally, and by means of oppression, fraud, and malice, and in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of exemplary or punitive damages under Civil Code § 3294, in an amount to be established at trial, in order to meaningfully punish Defendants, and to thereby deter similar conduct by them in the future.  Punitive damages are especially appropriate because of Defendants' past pattern of oppressive and harassing conduct.

48. Defendants' harassment alleged herein, unless enjoined by a preliminary injunction order and a permanent injunction judgment of this Honorable Court (or in the alternative, statutory temporary restraining order and three-year injunction under C.C.P. § 527.6) will continue to cause great and irreparable injury to Plaintiff.  As such, Plaintiff has no adequate remedy at law for injuries that she is currently suffering, and are threatened to be suffered from Defendants' harassment and illegal conduct.

**FOURTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Against All Defendants)**

49. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 as though fully set forth herein.

50. Defendants' extreme and outrageous conduct alleged herein, including, but not limited to, harassment and defamation were intentionally and maliciously committed with the intent to deliberately inflict humiliation, mental anguish, and emotional and physical distress upon Plaintiff, and done in wanton and reckless disregard of such consequences towards Plaintiff.

51. As a direct and proximate result of the aforesaid extreme and outrageous conduct by Defendants, Plaintiff did, in fact, suffer humiliation, mental anguish, and emotional and physical distress, and has been hurt and injured in her health, strength and activity, sustaining injury to her nervous system, all of which have caused, continue to cause, and will probably continue to cause Plaintiff great mental, physical, and nervous pain and suffering.

52. As a result of such severe emotional distress, Plaintiff has been generally, specially, and consequentially damaged in an amount to be established according to evidence.

53. Defendants committed the aforementioned infliction of emotional distress willfully and

intentionally, and by means of oppression, fraud, and malice, and in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of exemplary or punitive damages under California Civil Code § 3294, in an amount to be established at trial to meaningfully punish Defendants, and to thereby deter similar conduct by them in the future. Punitive damages are especially appropriate because of Defendants' past pattern of oppressive and harassing conduct.

### FIFTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**(Against All Defendants)**

54. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 53 as though fully set forth herein.

55. Defendants, at relevant times, owed Plaintiff various duties of care, including, but not limited to, those reasonably necessary to avoid inflicting humiliation, mental anguish, and emotional and physical distress upon Plaintiff.   Defendants, and each of them, knew, or should have known, that their failure to exercise such due care would cause Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

56. Defendants breached their duties of care towards Plaintiff by committing the extreme and outrageous acts and omissions alleged in this Complaint, including, but not limited to, harassment and defamation, and did so with reckless disregard for the probability of causing emotional distress to Plaintiff.

57. As a direct and proximate result of such breaches constituting negligence, Plaintiff did, in fact, suffer humiliation, mental anguish, and emotional and physical distress, and has been hurt and injured in her health, strength, and activity, sustaining injury to her nervous system and person, all of which have caused, continue to cause and will continue to cause Plaintiff great mental, physical and nervous pain and suffering.

58. As a result of such severe emotional distress, Plaintiff has been generally, specially, and consequentially damaged in an amount to be established according to evidence.

### SIXTH CAUSE OF ACTION
### DECLARATORY AND INJUNCTIVE RELIEF
### (Against All Defendants)

59. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 58 as though fully set forth herein.

60. Plaintiff is entitled to injunctive relief pursuant to C.C.P. § 527.6 (harassment, violence, and credible threat of violence) and C.C.P. § 527.7 (two or more persons advocating and taking substantial action in furtherance of the commission of an unlawful act of violence).

61. Defendants' conduct, and acts described herein, are continuing and have caused and are causing irreparable damage to Plaintiff.  Unless Plaintiff obtains declaratory relief from this Honorable Court, and/or unless such conduct by Defendants is preliminarily and permanently enjoined, Plaintiff will continue to suffer irreparable damage, which will necessitate the filing of multiple and successive lawsuits.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

1. For monetary damages in excess of $75,000 or according to proof;

2. For all compensatory, general, and money damages, past, present and future in an amount to fully compensate Plaintiff within the jurisdictional limits of this court according to proof;

3. For punitive and exemplary damages, as appropriate, according to proof;

4. For attorney's fees and costs, as appropriate, according to proof;

5. For incidental and/or consequential damages, as appropriate, past, present and future, according to proof;

6.  For prejudgment and post-judgment interest;

7.  For all applicable statutory damages, past, present and future, according to proof;

8.  For all applicable special damages, past, present and future, according to proof;

9.  For all applicable economic damages, past, present and future, according to proof;

10. For declaratory relief, and/or preliminary and permanent injunction prohibiting the conduct and activities alleged herein;

11. For such other and further relief as the Court deems just and equitable, and conforming to proof at the time of trial.

**DEMAND FOR JURY TRIAL:**  Plaintiff hereby demands a trial by jury of her peers to the fullest extent allowed by law.

Dated:  June 24, 2015                    **LAW OFFICES OF SALAR ATRIZADEH**


By:   /s/ Salar Atrizadeh
      SALAR ATRIZADEH, ESQ.
      Attorneys for Plaintiff
      STEPHANIE SMYTHE