1  Edmond E. Salem, Esq. (SBN: 228274)
   ees@thesalemlawfirm.com
2  THE SALEM LAW FIRM, APLC
   2001 Wilshire Blvd., Ste 305
3  Santa Monica, CA 90403
   Tel:    (310) 828-7882
4  Fax:    (310) 828-7434

5  J. Matthew Pfeiffer, Esq. (*pro hac vice* application pending)
   matt@pfeifferlawoffices.com
6  PFEIFFER LAW OFFICES, P.C.
   1725 S. Naperville Rd., Ste. 205
7  Wheaton, IL 60189
   Tel:    (630) 517-0808
8  Fax:    (630) 517-0809

9  Attorneys for Movants "Jalyn" and "sexyjalyn18"

10

11                **UNITED STATES DISTRICT COURT**

12      **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

13

14  STEPHANIE SMYTHE, an individual,          Case No.:  2:15-cv-04801

15              Plaintiff,                    **MOVANTS "Jalyn" AND "sexyjalyn18"
                                              NOTICE OF MOTION AND MOTION TO**
16      v.                                    **QUASH SUBPOENAS DUCES TECUM;
                                              MEMORANDUM OF POINTS AND**
17  DOES 1-10, inclusive,                     **AUTHORITIES IN SUPPORT THEREOF**

18              Defendants.                   **FED. R. CIV. P. 45(d)(3)**

19                                            Judge:      Manuel L. Real
                                             Date:       July 20, 2015
20                                            Time:       10:00 A.M.
                                             Location:   Courtroom No. 8
21

22

23

24      **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

25      **PLEASE TAKE NOTICE** that on July 20, 2015, at 10:00 A.M. PDT, or as soon thereafter

26  as this matter can be heard before the Honorable Manuel L. Real of the United States District Court

27  for the Central District of California, Western Division, in Courtroom No. 8 of the above-captioned

28

                                              1

Court, located at 312 North Spring Street Los Angeles, CA 90012-4701, the Movants, identified only as "Jalyn" and "sexyjalyn18" (collectively, "Movants"), through their above-referenced counsel, will and hereby do move, pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, for the entry of an order quashing the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* previously served upon MyFreeCams.com and quashing the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* previously served upon Twitter, Inc., both issued on June 29, 2015, by the Plaintiff's counsel, Salar Atrizadeh, Esq., in this matter (collectively, the "Subpoenas").

This motion to quash the Subpoenas (the "Motion") is brought pursuant to Rule 45(d)(3) on the grounds that:

- Movants have standing to challenge the Subpoenas due to their fundamental right to privacy and freedom of speech protected by the First Amendment of the U.S. Constitution;

- The discovery sought with respect to Movants' information is immaterial and not necessary to the pending lawsuit;

- Plaintiff fails to establish any nexus with this Court such that it may assert jurisdiction over Movants and that Movants have been afforded due process;

- Plaintiff is not permitted to use the Subpoenas or this litigation in general as a fishing expedition to glean information from Movants, her competitor, to use against them; and

- The discovery that Plaintiff seeks is designed to humiliate and embarrass those persons identified in the exhibits to the Subpoenas and the persons behind those screen names or aliases identified, including Movants.

This Motion is based on the contents hereof, the foregoing Notice of Motion, the supporting Memorandum of Points and Authorities, and any exhibits attached thereto, and upon such oral

1    argument and submissions that may be presented at or before the hearing on this Motion.

2

3    **Dated:    July 13, 2015**                              THE SALEM LAW FIRM, APLC

4                                                    By:    _/s/ Edmond E. Salem_____
5                                                           Edmond E. Salem, Esq.
                                                            Attorneys for Movants "Jalyn" and
6                                                              "sexyjalyn18"

7

8                                                     PFEIFFER LAW OFFICES, P.C.

9                                                    By:    _/s/ J. Matthew Pfeiffer_____
                                                           J. Matthew Pfeiffer (*pro hac vice*
10                                                             application pending)
                                                            Attorneys for Movants "Jalyn" and
11                                                             "sexyjalyn18"

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

STATEMENT OF FACTS …………………………………………........  1

ARGUMENT ………………………………………………………………  4

   I.   Movants have standing to challenge the Subpoenas based on
their rights under the United States Constitution ……………………....  4

   II.   Information about Movants is not relevant or necessary to
the pending lawsuit …………………………………………………………  6

   III.   The Subpoenas seeking personal information associated with
Movants should be quashed because this Court lacks
jurisdiction over Movants ………………………………………………..  8

   IV.   This Court has the authority to quash the Subpoenas because
they call for disclosure of a trade secret or other confidential
commercial information about Movants …………………………………....  9

   V.   The discovery sought will, by design, cause Movants to
suffer undue embarrassment and humiliation …………………………………  10

CONCLUSION ………………………………………………………………..  12

i

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**CASES**

4

*Buckley v. Am. Const. Law Found.*,
   525 U.S. 182, 192 (1999) ……………………………………………….   5

5

6

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462, 472 (1985) ……………………………………………….   8

7

*CineTel Films, Inc. v. Does 1-1,052*,
   2012 U.S. Dist. LEXIS 47701, *5 n. 2
   (D.Md. Apr. 4, 2012) ……………………………………………….   10

8

9

*Columbia Ins. Co. v. Seescandy.com*,
   185 F.R.D. 573, 578 (N.D.Cal. 1999) …………………………………   5, 11

10

*Dendrite Int'l v. Doe No. 3*,
   775 A.2d 756, 761 (N.J. Super. Ct. App. Div. 2001) ……………………....   5

11

*Digiprotect USA Corp. v. Does 1-266*,
   2011 U.S. Dist. LEXIS 40679, *2
   (S.D.N.Y. Apr. 13, 2011) ……………………………………………….   6

12

13

*Digital Sin, Inc. v. Does 1-27*,
   12 Civ. 3873 (JMF), 2012 U.S. Dist. LEXIS 78832, *12-13
   (S.D.N.Y. June 6, 2012) ……………………………………………....   11

14

15

*Discount Video Ctr., Inc. v. Does 1-29*,
   2012 U.S. Dist. LEXIS 112518, *15
   (D.Mass. Aug. 10, 2012) ……………………………………………….   11

16

17

*Doe v. 2theMart.com, Inc.*,
   140 F.Supp.2d 1088, 1092 (W.D.Wash. 2001) …………………………   5

18

19

*Gibson v. Florida Legislative Investigative Comm'n*,
   372 U.S. 539, 544 (1963) ……………………………………………….   4

20

*Hard Drive Prods., Inc. v. John Doe*,
   2012 U.S. Dist. LEXIS 89937, *9
   (N.D.Ill. June 26, 2012) ……………………………………………....   12

21

22

*International Shoe v. State of Washington*,
   326 U.S. 310, 316 (1945) ……………………………………………….   8

23

24

*Koch v. Koch Industries, Inc.*,
   203 F.3d 1202 (10th Cir.), cert. denied, 121 S.Ct. 302 (2000) ………………....   7

25

*LaFace Records, LLC v. Does 1-38*,
   2008 U.S. Dist. LEXIS 14544, at *7
   (E.D.N.C. Feb. 27, 2008) ……………………………………………….   7

26

27

28

ii

*Liberty Media Holdings, LLC v. BitTorrent Swarm*,
  2011 U.S. Dist. LEXIS 126333, at *4 (S.D.Fla. Nov. l, 2011) ..................... 7

*London-Sire Records, Inc. v. Doe 1*,
  542 F.Supp. 2d 153, 179 (D.Mass. 2008) ............................................ 11

*McIntyre v. Ohio Elecs. Comm'n*,
  514 U.S. 334, 357 (1995) ............................................................. 4, 5

*NAACP v. Alabama ex rel. Patterson*,
  357 U.S. 449, 462 (1958) ............................................................. 4

*Nu Image, Inc. v. Does 1-3,932*,
  No. l l-cv-545, Doc. No. 31-1 (M.D. Fla., Feb. 24, 2012) ........................ 7

*Oppenheimer Fund, Inc. v. Sanders*,
  437 U.S. 340, 352 n. 17 (1978) ....................................................... 6

*Pacific Century Int'l. v. Does 1-31*,
  2012 U.S. Dist. LEXIS 44368, *17 .................................................. 6

*Patrick Collins, Inc. v. Does 1-4*,
  2012 U.S. Dist. LEXIS 82253, *4
  (S.D.N.Y. June 12, 2012) ............................................................ 11

*Putman v. Lima Auto Mall. Inc.*,
  2009 U.S. Dist. LEXIS 327, *2
  (S.D.Ill. Jan. 6, 2009) ............................................................. 10

*Reno v. ACLU*,
  521 U.S. 844, 870 (1997) ............................................................. 4, 5

*SBO Pictures, Inc. v. Does 1-3036*,
  2011 U.S. Dist. LEXIS 137361, *10-12
  (N.D. Cal. Nov. 30, 2011) ........................................................... 12

*Shields Enters., Inc. v. First Chicago Corp.*,
  1988 U.S. Dist. LEXIS 14950
  (N.D.Ill. Dec. 28, 1988) ............................................................ 10

*Sony Music Entm't v. Does*,
  326 F. Supp. 2d 556, 563 (S.D.N.Y. 2004) ......................................... 3, 5

*Special Mkts. Ins. Consultants. Inc. v. lynch*,
  2012 U.S. Dist. LEXIS 61088, *4-6
  (N.D. Ill. May 2, 2012) ............................................................. 10

*Talley v. California*,
  362 U.S. 60, 64 (1960) .............................................................. 4

*Third Degree Films, Inc. v. Does 1-108*,
  2012 U.S. Dist. LEXIS 25400, 7-8
  (D.Md. February 28, 2012) ........................................................... 6, 10, 11

*Third Degree Films, Inc. v. Does 1-108,*
  2012 U.S. Dist. LEXIS 59233, *11-12
  (D. Md. Apr. 27, 2012) ...................................................................... 12

*United States v. Lifshitz,*
  369 F.3d 173, 190 (2d Cir. 2004) ...................................................... 11

*United States v. Ranieri,*
  670 F.2d 702, 712 (7th Cir. 1982) ..................................................... 10

*United States v. Warshak,*
  631 F. 3d 266, 286-87 (6th Cir. 2010) ............................................... 11

*Valero Energy Corp. v. United States,*
  Case No. 06 C 6730, *3-4 (N.D. Ill. Aug. 23, 2007) .......................... 10

*World-Wide Volkswagen Corp. v. Woodson,*
  444 U.S. 286, 297 (1980) .................................................................... 8

**OTHER AUTHORITIES**

47 U.S.C. §551                                                                            11

Fed. R. Civ. P. 45(c)(3)(A)                                                               5

Fed. R. Civ. P. 45(c)(3)(A)(iii)                                                          9

Fed. R. Civ. P. 45(c)(3)(B)(i)                                                            9

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

On June 24, 2015, Plaintiff filed a six-count Complaint alleging causes of action against several unnamed defendants identified only as ten persons who reside or do business in Los Angeles, California, to whom she refers as "Does 1 through 10" ("Defendants").  She claims that she does not know the true names of these John Doe defendants but believes they are "legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff . . . ."  In her Complaint, Plaintiff asserts claims against Defendants for violation of the Computer Fraud and Abuse Act, 18 U.S.C. §1030; invasion of privacy; civil harassment under §527.6 of the California Code of Civil Procedure; intentional infliction of emotional distress; negligent infliction of emotional distress; and declaratory and injunctive relief.  In short, Plaintiff, the operator of an adult pornographic website, uses an alias in her exploits.  She contends that Defendants have revealed her true identity to the public and anonymously have published disparaging statements and private information about her on Internet sites such as www.twitter.com and www.MyFreeCams.com.  She claims even further that Defendants used stolen or hacked passwords to access and control both her website and her e-mail accounts and caused malicious software, or "malware," to infiltrate her electronic devices.

Five days after filing her Complaint, Plaintiff, through her counsel, issued and served two subpoenas upon two entities: a *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* to "MyFreeCams.com" (the "MFC Subpoena")[1], and a *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* to "Twitter, Inc." (the "Twitter Subpoena").[2]  The Subpoenas[3] collectively seek "[a]ny and all information, including, but not limited to, name, address, telephone number, e-mail address, account creation/deletion date, Internet Protocol, and/or Media Access

---

[1] A true copy of the MFC Subpoena is attached hereto and incorporated herein by reference as **Exhibit 1**.
[2] A true copy of the Twitter Subpoena is attached hereto and incorporated herein by reference as **Exhibit 2**.
[3] When appropriate herein, the MFC Subpoena and the Twitter Subpoena are referred to collectively as the "Subpoenas."

1  Control addresses, that is sufficient to identify the following email accounts, names, usernames,
2  aliases, or profiles":

3  • https://twitter.com/sexyjalyn18;

4  • SexyJalyn18;

5  • Jalyn;

6  • http://profiles.myfreecams.com/JALYN; and

7  • http://www.myfreecams.com/#JALYN.

8      The screen names, profiles, and monikers "Jalyn" and "sexyjalyn18" (referred to hereinafter

9  collectively as "Movants"), are the subjects, in part, of both of the Subpoenas. Aside from the fact

10  that Movants have absolutely nothing to do with the actions alleged by Plaintiff, this Court should

11  quash the Subpoenas for the following reasons:

12      **First,** Movants have standing to challenge the Subpoenas due to their fundamental right to

13  privacy and freedom of speech protected by the First Amendment of the U.S. Constitution.

14      **Second,** the allegations in the Complaint are vague and conclusory.  Plaintiff does not allege

15  how Defendants or those identified in the exhibits to the Subpoenas used internet protocol (IP)

16  addresses, how they shared her information with the public, or how the information they shared is

17  subject to any protectable right.   Similarly, the discovery sought with respect to Movants'

18  information is immaterial and not necessary to the pending lawsuit.

19      **Third,** Plaintiff fails to establish any nexus with this Court such that it may assert

20  jurisdiction over Movants.  There are no facts pled to establish that Defendants reside in this judicial

21  district or that the acts of which she complains occurred in this judicial district.  In the electronic

22  age, people may perform the acts similar to those of which Plaintiff complains from any location

23  on the planet.  There simply are no concrete factual allegations to establish that Defendants' conduct

24  occurred within this district, and Movants have not been afforded due process.

25      **Fourth,** Plaintiff is not permitted to use the Subpoenas or this litigation in general as a

26  fishing expedition to glean competitors' information to use against them.  Movants are competitors

27  of Plaintiff in the adult entertainment industry, and Plaintiff is pursuing the Subpoenas to obtain

28  information that is proprietary and critical to the operation of Movants' own business.

1       ***Fifth,*** the discovery that Plaintiff seeks is designed to humiliate and embarrass those persons

2       identified in the exhibits to the Subpoenas and the persons behind those screen names or aliases

3       identified, including Movants.  The instant lawsuit appears on its face to be similar to the Prenda

4       Law matters pervading U.S. courts, where a plaintiff will file a lawsuit as part of a scheme to

5       threaten defendants with public shame over their patronage of adult pornographic websites with the

6       hope that such defendants would gladly settle with the plaintiff to keep that interest a secret.  Simply

7       put, this is a classic shakedown in the electronic era.

**ARGUMENT**

I.     **Movants have standing to challenge the Subpoenas based on their rights under the United States Constitution.**

The First Amendment to the U.S. Constitution protects the right to anonymous online communications.  "Against the backdrop of First Amendment protection for anonymous speech, courts have held that civil subpoenas seeking information regarding anonymous individuals raise First Amendment concerns."  *Sony Music Entm't v. Does*, 326 F. Supp. 2d 556, 563 (S.D.N.Y. 2004).  Liberal protection for the right to engage in anonymous communication – to speak, read, listen, and/or associate anonymously – is fundamental to a free society.  The Supreme Court has consistently defended such rights in a variety of contexts, noting that:

> Anonymity is a shield from the tyranny of the majority . . . [that] exemplifies the purpose [of the First Amendment] to protect unpopular individuals from retaliation . . . at the hand of an intolerant society.

*McIntyre v. Ohio Elecs. Comm'n*, 514 U.S. 334, 357 (1995) (holding that an "author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment," *id.* at 342); *see also Gibson v. Florida Legislative Investigative Comm'n*, 372 U.S. 539, 544 (1963) ("[I]t is ... clear that the [free speech] guarantee . . . encompasses protection of privacy of association"); *Talley v. California*, 362 U.S. 60, 64 (1960) (finding a municipal ordinance requiring identification on hand-bills unconstitutional, and noting that "anonymous pamphlets, leaflets, brochures and even books have played an important role in the progress of mankind"); *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462 (1958) (compelled identification violated group members' right to remain anonymous; "[i]nviolability of privacy in group association may in many circumstances be indispensable to preservation of freedom of association").

Moreover, these fundamental rights enjoy the same protections whether the context for speech and association is an anonymous political leaflet, an Internet message board, or a video-sharing site. *See Reno v. ACLU*, 521 U.S. 844, 870 (1997) (there is "no basis for qualifying the

level of First Amendment scrutiny that should be applied to" the Internet); *see also Doe v. 2theMart.com, Inc.*, 140 F.Supp.2d 1088, 1092 (W.D.Wash. 2001) ("The right to speak anonymously extends to speech via the Internet. Internet anonymity facilitates the rich, diverse, and far ranging exchange of ideas."); *Sony v. Does*, 326 F.Supp.2d at 562 ("The Internet is a particularly effective forum for the dissemination of anonymous speech"). Online or offline, the "ability to speak one's mind without the burden of the other party knowing all the facts about one's identity can foster open communication and robust debate." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D.Cal. 1999).

Because the First Amendment protects anonymous speech and association, efforts to use the power of the courts, through subpoena provisions or otherwise, to pierce such anonymity are subject to a qualified privilege. Courts must "be vigilant . . . [and] guard against undue hindrances to . . . the exchange of ideas." *Buckley v. Am. Const. Law Found.*, 525 U.S. 182, 192 (1999). This vigilant review "must be undertaken and analyzed on a case-by-case basis," where the court's "guiding principle is a result based on a meaningful analysis and a proper balancing of the equities and rights at issue." *Dendrite Int'l v. Doe No. 3*, 775 A.2d 756, 761 (N.J. Super. Ct. App. Div. 2001).

And, just as in other cases in which litigants seek information that may be privileged, courts must consider the privilege when considering whether a subpoena is to be quashed. Fed. R. Civ. P. 45(c)(3)(A) (subpoena may be quashed if it "requires disclosure of privileged or other protected matter and no exception or waiver applies"). That consideration should help ensure that "[p]eople who have committed no wrong [are] able to participate online without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identity." *Columbia*, 185 F.R.D. at 578.

There is no question that Movants have standing to challenge the subpoenas issued by Plaintiff. It is well-recognized that the "decision to remain anonymous ... is an aspect of the freedom of speech protected by the First Amendment." *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995). The use of the Internet does not destroy this fundamental right. *See Reno v. ACLU*, 521 U.S. 844, 870 (1997) (recognizing there is "no basis for qualifying the level of First

1   Amendment scrutiny that should be applied" to the internet).  Even if a customer's privacy interest
2   in its subscriber information is minimal or exceedingly small (a point which Movants do not
3   concede), "parties need only have some personal right or privilege in the information sought to
4   have standing to challenge a subpoena to a third party." *Third Degree Films, Inc. v. Does 1-108*,
5   2012 U.S. Dist. LEXIS 25400, 7-8 (D.Md. February 28, 2012) (internal quotation marks and
6   citations omitted).  Consequently, Movants have standing to challenge the Subpoenas seeking their
7   personal information.

8

9   **II.      Information about Movants is not relevant or necessary to the pending lawsuit.**

10   When evaluating relevance, "a court is not required to blind itself to the purpose for which
11   a party seeks information." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 352 n. 17 (1978).
12   Plaintiff's true purpose for the discovery requested – to leverage settlements from identified
13   subscribers and to wrongfully obtain proprietary business information of competitors without ever
14   naming them as defendants – is wholly irrelevant to any proper use in this action.  *See Pacific*
15   *Century Int'l. v. Does 1-31*, No. 11 C 9064, 2012 U.S. Dist. LEXIS 44368, *17 (*citing Oppenheimer*
16   *Fund* and finding that "the complaints' allegations of civil conspiracy are only unjustified attempts
17   to bolster the obtaining of irrelevant discovery about non-parties"); *see also Digiprotect USA Corp.*
18   *v. Does 1-266*, No. 10 Civ. 8759 (TPG), 2011 U.S. Dist. LEXIS 40679, *2 (S.D.N.Y. Apr. 13,
19   2011) ("The court ... remains concerned[ ] that defendants over whom the court has no personal
20   jurisdiction will simply settle with plaintiff rather [than] undertake the time and expense required
21   to assert their rights.").

22   Here, Plaintiff have sued a number of unnamed defendants but are seeking discovery about
23   other screen names, aliases, and IP addresses belonging to Internet users who are not joined as
24   defendants." *Pacific Century* at *12.  Plaintiff's conclusory contention that this information is
25   relevant and material to this matter" is insufficient to justify access to information identifying
26   Movants and others with screen names, aliases, and IP addresses located all over the world through
27   a single lawsuit.  Many other courts have entered orders quashing subpoenas and attempting to put
28   a stop to the coercive scheme perpetrated by Plaintiff and other similar, and in some instances

related, matters.  *See Nu Image, Inc. v. Does 1-3,932*, No. l l-cv-545, Doc. No. 31-1 (M.D. Fla., Feb. 24, 2012) (recommending that a movant's motion to quash be granted because the court lacks jurisdiction over the out-of-state movant); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 2011 U.S. Dist. LEXIS 126333, at *4 (S.D.Fla. Nov. l, 2011); *LaFace Records, LLC v. Does 1-38*, 2008 U.S. Dist. LEXlS 14544, at *7 (E.D.N.C. Feb. 27, 2008) ("[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder.").  Because of the lack of relevance or materiality to the allegations of Plaintiff's Complaint, the Subpoenas in this case likewise should be quashed.

Discovery must be grounded in some basis in fact. In *Koch v. Koch Industries, Inc.*, 203 F.3d 1202 (10th Cir.), cert. denied, 121 S.Ct. 302 (2000), the Tenth Circuit ruled on the propriety of "extraordinarily expansive discovery requests" that the proponent argued were "relevant to two broad, non-specific allegations" in their complaint. *Id.* at 1238. The Tenth Circuit, noting that the district court had found the "likely benefit of this attempted fishing expedition was speculative at best," held that

> [w]hen a plaintiff first pleads its allegations in entirely indefinite terms, without in fact knowing of any specific wrongdoing by the defendant, and then bases massive discovery requests upon those nebulous allegations, in the hope of finding particular evidence of wrongdoing, that plaintiff abuses the judicial process.

> *Id*.

Here, the lack of specificity in the Complaint coupled with the overly-broad nature of the Subpoenas reveals that Plaintiff is fishing for information and records in order to support her claims. She has followed the proverbial "shoot first, ask questions later" method of litigation by filing suit first and then gathering whatever evidence she can try to dig up to support the lawsuit rather than having such evidence at hand prior to filing her Complaint.  Federal law does not allow this.

### III. The Subpoenas seeking personal information associated with Movants should be quashed because this Court lacks jurisdiction over Movants.

This Court should quash the Subpoenas seeking the personal information and documents regarding Movants because they lack any minimum contacts with this forum.  Permitting Plaintiff to proceed without quashing the Subpoenas would allow general jurisdiction in any federal court in California against any person across the country – or even the world – so long as a plaintiff claims that person is a "John Doe" or an entirely unnamed party allegedly using the internet.  This offends the traditional notions of fair play and substantial justice guaranteed by the United States Constitution.  *See International Shoe v. State of Washington*, 326 U.S. 310, 316 (1945).

It is a fundamental principle that defendants should not be forced to have their interests adjudicated in a jurisdiction within which the defendant has no contact.  The basic requirement of personal jurisdiction gives a "degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  The constitutional standard is whether the nonresident defendant has certain minimum contacts with the forum such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice."  *International Shoe*, 326 U.S. at 316.  The minimum contacts analysis "cannot simply be mechanical or quantitative", but instead must depend on the "quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the Due Process Clause to insure."  *Id*. at 319.  The minimum contacts necessary to confer jurisdiction depend on whether specific or general jurisdiction is asserted; general jurisdiction is satisfied when a defendant's general business contacts within the forum state are continuous and systematic, while specific jurisdiction exists when the defendant purposefully directs his activities at the forum state or the cause of action arises out of the defendant's contacts with the forum state.  *See, e.g., Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

Plaintiff has not alleged that this Court has specific or general jurisdiction over Defendants

or Movants.  Instead, she makes conclusory statements as to Defendants' alleged conduct and the basis for jurisdiction.  To be clear, Movants have not engaged in any contacts with California. Without more than the current contents of the Complaint and the Subpoenas, Plaintiff has failed to proffer a basis for this Court's jurisdiction, and this Court lacks jurisdiction over Movants.

**IV.     This Court has the authority to quash the Subpoenas because they call for disclosure of a trade secret or other confidential commercial information about Movants.**

Rule 45 of the Federal Rules of Civil Procedure provides, in pertinent part:

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

*        *        *

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; . . . .

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information . . . .

In this case, the Subpoenas on their face require the disclosure of protected matter consisting of trade secrets and confidential commercial information proprietary to Movants.  The Subpoenas are so broadly worded that they could result in the respondents' production of information and documents identifying who Movants' true identities are (which, as Plaintiff alleges in her Complaint, is significantly damaging to a performer in the adult entertainment industry when such information is revealed publicly), how they conduct business, where they own property, how much revenue they generate, how the pricing for their services is structured, who their customers are, and so on.  Such information and records are vital to the prior, current, and continued success of Movants' business.  These items should not be obtained by Plaintiff (Movants' competitor) to gain a competitive advantage over Movants' business under the guise of being part of discovery in this very nascent lawsuit.

1

2   **V.      The discovery sought will, by design, cause Movants to suffer undue embarrassment**
         **and humiliation.**

3

4         "A party has standing to move to quash a subpoena addressed to another if the subpoena

5   infringes upon the movant's legitimate interests." *United States v. Ranieri,* 670 F.2d 702, 712 (7th

6   Cir. 1982) (*citing In re Grand Jury,* 619 F.2d 1022, 1027 (3d Cir. 1980)); *accord Special Mkts. Ins.*

7   *Consultants. Inc. v. Lynch,* Case No. 11 C 9181, 2012 U.S. Dist. LEXIS 61088, *4-6 (N.D. Ill. May

8   2, 2012) (movant had standing to move to quash to avoid oppression, embarrassment, and undue

9   burden imposed on movant, not on third party subject to subpoena).  Here, the Subpoenas seek a

10  number of records regarding Movants; identifies them by their screen names, aliases, and IP

11  addresses; and required notice to them pursuant to statute.  *See* 47 U.S.C. §55l.  These facts are

12  sufficient to give Movants standing.  *Valero Energy Corp. v. United States,* Case No. 06 C 6730,

13  *3-4 (N.D. Ill. Aug. 23, 2007) (party who "is identified in the summons and is entitled to notice of

14  the summons" had standing to move to quash).  The rule applies even though Movants are not

15  expressly named as parties. *Putman v. Lima Auto Mall. Inc*., Civil No. 08-MC-86-MJR-CJP, 2009

16  U.S. Dist. LEXIS 327, *2 (S.D.Ill. Jan. 6, 2009) (non-party subject to undue burden and expense

17  had standing to quash subpoena).  Non-parties have standing to object to subpoenas, even if the

18  named parties agree that the disclosure is relevant.  *Shields Enters., Inc. v. First Chicago Corp*.,

19  No. 86 C 10213, 1988 U.S. Dist. LEXIS 14950 (N.D.Ill. Dec. 28, 1988).

20        Movants have grounds to seek the quashing of subpoenas by pseudonyms. "[R]equests for

21  pseudonymity have been granted when anonymity is necessary to preserve privacy in a matter of a

22  sensitive and highly personal nature."  *Third Degree Films,* 2011 U.S. Dist. LEXIS 128030, at *11

23  (citation omitted).  "An allegation that an individual illegally downloaded adult entertainment likely

24  goes to [such] matters." *Id.*  Anonymity is required to protect Movants' privacy. "Defendants'

25  motions to quash subpoenas for the very purpose of protecting their identifying information ...

26  should be allowed to proceed anonymously because assessing these preliminary matters without

27  knowing defendants' identities causes plaintiffs no harm." *CineTel Films, Inc. v. Does 1-1,052,*

28  Civil No. JFM 8:11-cv-02438, 2012 U.S. Dist. LEXIS 47701, *5 n. 2 (D.Md. Apr. 4, 2012).

In weighing a motion to quash in such cases, the Court must balance "the need to provide the injured part[y] with an *[sic]* forum in which [it] may seek redress for grievances" against the need to protect ISP subscribers from the "fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identity." *Columbia Ins. Co. v. Seescandy.com,* 185 F.R.D. 573, 578 (N.D. Cal. 1999). The Court must consider "the expectation of privacy held by ... innocent users who may be dragged into the case (for example, because they shared an IP address with an alleged infringer)." *London-Sire Records, Inc. v. Doe 1,* 542 F.Supp. 2d 153, 179 (D.Mass. 2008). "The privacy interests of innocent third parties weighs heavily against the public's interest in access to court documents." *Third Degree Films,* 2011 U.S. Dist. LEXIS 128030, at *11. Internet "subscribers have a privacy interest created by Congress." *Discount Video Ctr., Inc. v. Does 1-29,* Civ. A. No. 12-10805-NMG, 2012 U.S. Dist. LEXIS 112518, *15 (D.Mass. Aug. 10, 2012) (citing 47 U.S.C. §551). "Individuals generally possess a reasonable expectation of privacy in their home computers." *United States v. Lifshitz,* 369 F.3d 173, 190 (2d Cir. 2004). A person's ability to access an Internet subscriber's information "cannot be sufficient to extinguish a reasonable expectation of privacy." *United States v. Warshak,* 631 F. 3d 266, 286-87 (6th Cir. 2010).

Any disclosure of information identifying Movants would subject them to a choice between public opprobrium and private blackmail on spurious claims. In cases involving pornography such as Plaintiff's instant lawsuit, the "high risk of false positive identifications ... 'horror stories' of harassing and abusive litigation techniques ... and the nature of the copyrighted work in this case creates the possibility of undue embarrassment and harm were a Doe defendant's name to be publicly, but erroneously, linked to the illegal downloading of the plaintiff's copyrighted work." *Digital Sin, Inc. v. Does 1-27*, 12 Civ. 3873 (JMF), 2012 U.S. Dist. LEXIS 78832, *12-13 (S.D.N.Y. June 6, 2012). "In such cases, there is a risk not only of public embarrassment for the misidentified defendant, but also that the innocent defendant may be coerced into an unjust settlement with the plaintiff to prevent the dissemination of publicity surrounding unfounded allegations. The risk of a shake-down is compounded when the claims involve allegations that a defendant downloaded and distributed sexually explicit material." *Patrick Collins, Inc. v. Does 1-*

*4,* 12 Civ. 2962 (HB), 2012 U.S. Dist. LEXIS 82253, *4 (S.D.N.Y. June 12, 2012). "[T]he practical reality of these types of cases – which, as noted, have proliferated across the country – is that almost all end in settlement and few, if any, are resolved on their merits." *Third Degree Films, Inc. v. Does 1-108,* No. DKC 11-3007, 2012 U.S. Dist. LEXIS 59233, *11-12 (D. Md. Apr. 27, 2012) (*citing SBO Pictures, Inc. v. Does 1-3036,* No. 11- 4220 SC, 2011 U.S. Dist. LEXIS 137361, *10-12 (N.D. Cal. Nov. 30, 2011)).

Plaintiff's request for voluminous discovery unrelated to Defendants that would violate Movants' reasonable privacy interest is not justified, in light of the track record of similar plaintiffs in other cases using such discovery of personal information about ISP subscribers to coerce them into unwarranted settlement payments. *See, e.g., Hard Drive Prods., Inc. v. John Doe,* Civ. A. No. 11 CV 8333, 2012 U.S. Dist. LEXIS 89937, *9 (N.D.Ill. June 26, 2012) (discussing common litigation tactics employed in mass copyright litigation lawsuits and denying plaintiff "unnecessary, broad, and prejudicial early discovery").

## CONCLUSION

This Court should not allow itself to be used as a tool to enrich Plaintiff by allowing her to harvest private information for reprehensible purposes. Instead, for all of the foregoing reasons, this Court should preclude Plaintiff from her fishing expedition and actions negatively affecting Movants' right to anonymity and privacy and should quash the Subpoenas.

Respectfully submitted,

**Dated:   July 13, 2015**               THE SALEM LAW FIRM, APLC

By:    /s/ Edmond E. Salem
Edmond E. Salem, Esq.
Attorneys for Movants, "Jalyn" and
   "sexyjalyn18"

*Additional counsel for Movants:*
J. Matthew Pfeiffer, Esq. (*pro hac vice* application pending)
matt@pfeifferlawoffices.com
PFEIFFER LAW OFFICES, P.C.
1725 S. Naperville Rd., Ste. 205
Wheaton, IL 60189
Tel:   (630) 517-0808
Fax:   (630) 517-0809

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| STEPHANIE SMYTHE, an individual, | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 2:15-cv-04801-R (MRWx) |
| | ) |
| Does 1-10, inclusive | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                  MyFreeCams.com

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See EXHIBIT "A"

| Place: Law Offices of Salar Atrizadeh<br>9701 Wilshire Blvd., 10th Floor<br>Beverly Hills, CA 90212 | Date and Time:<br><br>07/14/2015 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      06/29/2015

_CLERK OF COURT_
                                                         OR
                                                              /s/ Salar Atrizadeh, Esq.
_____              _____
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_
Stephanie Smythe_____ , who issues or requests this subpoena, are:

Salar Atrizadeh, Esq.  9701 Wilshire Blvd., 10th Floor, Beverly Hills, CA 90212
Email: salar@atrizadeh.com    T: 310-694-3034 | F: 310-694-3057

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT 1**

**EXHIBIT "A"**

Case Name: *Stephanie Smythe v. Does 1-10*
Case No.:    2:15–cv–04801–R (MRWx)

Any and all information, including, but not limited to, name, address, telephone number, e-mail address, account creation/deletion date, Internet Protocol, and/or Media Access Control addresses, that is sufficient to identify the following email accounts, names, usernames, aliases, or profiles:

1. Blackguy84
2. Jalyn
3. http://profiles.myfreecams.com/JALYN
4. http://www.myfreecams.com/#JALYN
5. camgirls4me
6. JalynsBong
7. JalynsBnog
8. JalynsSugar
9. http://profiles.myfreecams.com/JalynsBnog
10. https://twitter.com/sexyjalyn18
11. https://twitter.com/C12H22O11_UK
12. https://twitter.com/sexyjalyn18
13. http://prntscr.com/78a7hz
14. https://twitter.com/mfc_scam
15. BillHanover1@gmail.com
16. Buttflavour
17. JalynsButt
18. Neohere
19. JanBill

1    **Salar Atrizadeh, Esq. (SBN: 255659)**
LAW OFFICES OF SALAR ATRIZADEH
9701 Wilshire Blvd., 10th Floor

2    Beverly Hills, CA 90212
Telephone:  310-694-3034
Facsimile:  310-694-3057

3    Email:      salar@atrizadeh.com

4    Attorneys for Plaintiff
STEPHANIE SMYTHE

5

6                   **UNITED STATES DISTRICT COURT**

7        **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

8    STEPHANIE SMYTHE, an individual,     Case No.: 2:15–cv–04801–R (MRWx)

9         Plaintiff,

   vs.

10                              **PROOF OF SERVICE**

   DOES 1-10, inclusive,

11         Defendants.

12

13

14

15

16

17

18

19

20

1

## PROOF OF SERVICE

2

| STATE OF CALIFORNIA | ) |
| | ) ss. |
| COUNTY OF LOS ANGELES | ) |

3

4
I am employed in the County of Los Angeles. I am over the age of eighteen and not a party to the within action. My business address is 9701 Wilshire Blvd., 10th Floor, Beverly Hills, CA 90212. On June 29, 2015, I served the foregoing documents described as follows:

5
1. **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION; AND**
2. **PROOF OF SERVICE**

6

7
with supplemental documentation on the following interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed to:

8

9
MyFreeCams.com
c/o ActiveSoft Inc.
2123 Warwick Lane
Glenview, IL 60026
T: 312-252-0586
F: 312-252-0586

VIA CERTIFIED U.S. MAIL
VIA ELECTRONIC MAIL

10
Email: legal@myfreecamsmail.com

11
**METHOD:**

12
☒ STATE: I am "readily familiar" with the Law Offices of Salar Atrizadeh's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

13

14

15
☐ BY ELECTRONIC SERVICE: Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's CM/ECF system.

16

17
☒ BY ELECTRONIC MAIL: Based on a court order or an agreement of the parties to accept service by electronic mail, I caused the document(s) to be sent to the person at the electronic notification address listed herein.

18
☒ BY CERTIFIED U.S. MAIL: I am "readily familiar" with the Law Offices of Salar Atrizadeh's practice of collection and processing correspondence for mailing with the United States Postal Service; such envelope will be deposited with the United States Postal Service on the above date in the ordinary course of business at the business address shown above; and such envelope was placed for collection and mailing, by Certified United States Mail, on the aforesaid date according to the Law Offices of Salar Atrizadeh's ordinary business practice.

19

20

1    ☐ BY PERSONAL SERVICE: I caused a copy of such document(s) to be delivered by hand to the offices of the addressee between the hours of 9:00 A.M. and 5:00 P.M.

2

   ☐ BY FACSIMILE: I caused such documents to be transmitted to the fax number of the addressee listed on the attached service list, by use of facsimile machine telephone number.

3    The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), a

4    transmission record of the transmission was printed.

   ☐ STATE: I declare under penalty of perjury under the laws of the State of California that

5    the above is true and correct.

6    ☒ FEDERAL: I declare under the penalty of perjury that I am a member in good standing of the bar of this court. I also declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

7

   Executed on June 29, 2015, at Los Angeles, California:

8

9                                   /s/ Salar Atrizadeh
                                     SALAR ATRIZADEH

10

11

12

13

14

15

16

17

18

19

20

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| STEPHANIE SMYTHE, an individual, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:15-cv-04801-R (MRWx) |
| | ) |
| Does 1-10, inclusive | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Twitter, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See EXHIBIT "A"

| Place: Law Offices of Salar Atrizadeh<br>9701 Wilshire Blvd., 10th Floor<br>Beverly Hills, CA 90212 | Date and Time:<br><br>07/14/2015 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  06/29/2015

| | |
|---|---|
| *CLERK OF COURT* | OR |
| _____ | /s/ Salar Atrizadeh, Esq. |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Stephanie Smythe _____ , who issues or requests this subpoena, are:

Salar Atrizadeh, Esq. 9701 Wilshire Blvd., 10th Floor, Beverly Hills, CA 90212
Email: salar@atrizadeh.com    T: 310-694-3034 | F: 310-694-3057

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT 2**

## EXHIBIT "A"

Case Name: *Stephanie Smythe v. Does 1-10*
Case No.:    2:15–cv–04801–R (MRWx)

Any and all information, including, but not limited to, name, address, telephone number, e-mail address, account creation/deletion date, Internet Protocol, and/or Media Access Control addresses, that is sufficient to identify the following email accounts, names, usernames, aliases, or profiles:

1. https://twitter.com/sexyjalyn18
2. https://twitter.com/C12H22O11_UK
3. https://twitter.com/mfc_scam
4. https://twitter.com/mfc_scam
5. SexyJalyn18

1 | **Salar Atrizadeh, Esq. (SBN: 255659)**
LAW OFFICES OF SALAR ATRIZADEH
9701 Wilshire Blvd., 10ᵗʰ Floor

2 | Beverly Hills, CA 90212
Telephone: 310-694-3034
Facsimile: 310-694-3057

3 | Email:    salar@atrizadeh.com

   Attorneys for Plaintiff
4 | STEPHANIE SMYTHE

5 |

   **UNITED STATES DISTRICT COURT**
6 |
   **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**
7 |

8 | STEPHANIE SMYTHE, an individual,        Case No.: 2:15−cv−04801−R (MRWx)

9 |        Plaintiff,

   vs.

10 |                                          **PROOF OF SERVICE**

   DOES 1-10, inclusive,

11 |        Defendants.

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

# PROOF OF SERVICE

**STATE OF CALIFORNIA**  )
          ) ss.
**COUNTY OF LOS ANGELES** )

   I am employed in the County of Los Angeles.  I am over the age of eighteen and not a party to the within action.  My business address is 9701 Wilshire Blvd., 10th Floor, Beverly Hills, CA 90212.  On June 29, 2015, I served the foregoing documents described as follows:

1. **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION; AND**
2. **PROOF OF SERVICE**

with supplemental documentation on the following interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed to:

Twitter, Inc.           VIA CERTIFIED U.S. MAIL
c/o CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

**METHOD:**

☒  STATE: I am "readily familiar" with the Law Offices of Salar Atrizadeh's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ BY ELECTRONIC SERVICE:  Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.  The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's CM/ECF system.

☐ BY ELECTRONIC MAIL:  Based on a court order or an agreement of the parties to accept service by electronic mail, I caused the document(s) to be sent to the person at the electronic notification address listed herein.

☒ BY CERTIFIED U.S. MAIL: I am "readily familiar" with the Law Offices of Salar Atrizadeh's practice of collection and processing correspondence for mailing with the United States Postal Service; such envelope will be deposited with the United States Postal Service on the above date in the ordinary course of business at the business address shown above; and such envelope was placed for collection and mailing, by Certified United States Mail, on the aforesaid date according to the Law Offices of Salar Atrizadeh's ordinary business practice.

1  ☐ BY PERSONAL SERVICE: I caused a copy of such document(s) to be delivered by hand to the offices of the addressee between the hours of 9:00 A.M. and 5:00 P.M.

2  ☐ BY FACSIMILE: I caused such documents to be transmitted to the fax number of the addressee listed on the attached service list, by use of facsimile machine telephone number.

3  The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), a

4  transmission record of the transmission was printed.

☐ STATE:  I declare under penalty of perjury under the laws of the State of California that

5  the above is true and correct.

6  ☒ FEDERAL:  I declare under the penalty of perjury that I am a member in good standing of the bar of this court.  I also declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

7

Executed on June 29, 2015, at Los Angeles, California:

8

9                                                                    /s/ Salar Atrizadeh
                                                                     SALAR ATRIZADEH

10

11

12

13

14

15

16

17

18

19

20

---

3

**PROOF OF SERVICE**