NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE SMYTHE, an individual, ) | CASE NO. CV 15-4801-R |
| ) | |
| Plaintiff, ) | ORDER GRANTING, IN PART, |
| ) | MOVANTS MOTION TO QUASH |
| v. ) | SUBPOENAS DUCES TECUM |
| ) | |
| DOES 1-10, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

    Before the Court is Movants "Jalyn" and "sexyjalyn18"'s Motion to Quash Subpoenas Duces Tecum, which was filed on July 13, 2015. (Dkt. No. 10). Having been thoroughly briefed by both parties, this Court took the matter under submission on August 12, 2015. (Dkt. No. 16).

    Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena commanding a non-party to attend and testify; produce designated documents, electronically stored information, or tangible things in that non-party's possession, custody or control; or permit the inspection of premises. Fed. R. Civ. P. 45(a)(1)(A)(iii). The scope of discovery through a Rule 45 subpoena is the same as that applicable to the other discovery rules. Fed. R. Civ. P. 45 advisory committee's note (1970).

The scope of discovery under Federal Rule of Civil Procedure 26 is broad. Rule 26 provides, in general, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). As the Supreme Court reiterated in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."

Discovery is not unfettered, however. A court must limit the extent or frequency of discovery if it finds that (a) the discovery sought is unreasonably cumulative or duplicative or can be obtained from a source that is more convenient, less burdensome or less expensive, (b) the party seeking discovery has had ample opportunity to obtain the information through discovery; or (c) the burden or expense of the discovery sought outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the discovery in resolving those issues. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

The instant case concerns the posting of information pertaining to Plaintiff on the internet. Discovery relating to deciphering and identifying the identities of the individual or individuals who took such action is essential to this case. The information sought by the subpoenas at issue is directly relevant to such identifying information.

Basic subscriber information, the purpose of which is to identify potential Defendant, is permissibly discoverable. While the First Amendment provides some rights regarding anonymity, it is not a blanket shield from liability under the law for all speech. An assertion of anonymity for fear of being connected to potentially illegal action is unpersuasive. *See Call of the Wild Movie, LLC v. Smith*, 274 F.R.D. 334, 337-38 (D.C. 2011). Movants remain free to deny allegations of such conduct if they are ultimately named in this suit. *Id.* This is an insufficient basis to quash the subpoenas at issue, however, as doing so would deny Plaintiff access to the information critical to bringing Movants, or other Defendants, properly into the lawsuit to address the merits of Plaintiff's claim and Movants' or other Defendants' defenses. *Id.* As such, the subpoenas are

permissible for the narrow purpose of obtaining potentially identifying information regarding Defendants' identities from the third parties.

Because Plaintiff is amenable, and to avoid any potential privacy interests, the subpoenas duces tecum are modified such that they pertain only basic subscriber information relating to potentially identifying information. The subpoenas do not pertain to any other information pertaining to trade secrets or confidential commercial information and no such information need be produced in response to the subpoenas at issue.

As modified, the subpoenas at issue do not place an undue burden on Movants. Concerns regarding undue embarrassment or humiliation are unpersuasive. Where, as here, the claims appear colorable, a Defendant cannot shield its identity merely based on embarrassment of association with the actions it is alleged to have taken; to hold otherwise would be to allow Defendants to shirk responsibility for violating conduct. *See contra*, *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999).

**IT IS HEREBY ORDERED** that Movants' Motion to Quash Subpoenas Duces Tecum is GRANTED, IN PART, such that the subpoenas duces tecum are circumscribed to pertain solely to basic subscriber information. (Dkt. No. 10).

Dated: August 18, 2015.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE