**Salar Atrizadeh, Esq. (SBN: 255659)**
LAW OFFICES OF SALAR ATRIZADEH
9701 Wilshire Blvd., 10th Floor
Beverly Hills, CA 90212
Telephone: 310-694-3034
Facsimile: 310-694-3057
Email: salar@atrizadeh.com

Attorneys for Plaintiff
STEPHANIE SMYTHE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION**

| | |
|---|---|
| STEPHANIE SMYTHE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:15-cv-04801-R (MRWx)<br><br>**PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF SALAR ATRIZADEH, ESQ. IN SUPPORT THEREOF**<br><br>Judge: Hon. Manuel L. Real<br>Date: November 2, 2015<br>Time: 10:00 a.m.<br>Crtm: No. 8 |

**TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff hereby submits the following Motion to compel non-party deponent, Bright House Networks, LLC, to comply with a subpoena. This Motion will be heard on November 2, 2015 at 10:00 a.m., or as soon as permissible, at the United States District Court—Central District of California, in Courtroom Number 8, before Honorable Manuel L. Real.

This Motion is submitted pursuant to Rules 26, 37, and 45 of the Federal Rules of Civil Procedure, and the applicable Local Rules. This Motion is based upon the Memorandum of Points and Authorities herein, the accompanying Declaration of Salar Atrizadeh, Esq., and/or exhibits thereto, and any other evidence that may be presented at or before the hearing on this Motion.

Alternatively, by separate motion, under Rule 6 of the Federal Rules of Civil Procedure and/or L.R. 6-1, Plaintiff moves for an Order Shortening Time to hear this Motion due to the exigent circumstances set forth hereinbelow.

Dated: September 25, 2015

**LAW OFFICES OF SALAR ATRIZADEH**

By: /s/ Salar Atrizadeh
SALAR ATRIZADEH, ESQ.
Attorneys for Plaintiff
STEPHANIE SMYTHE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL BACKGROUND

Plaintiff, Stephanie Smythe ("Plaintiff"), by her counsel, and pursuant to Rule 45 of the Federal Rules of Civil Procedure and applicable local rules, submits this memorandum in support of her Motion to Compel Compliance with Subpoena ("Motion") that this Honorable Court order the non-party deponent, Bright House Networks, LLC ("Bright House Networks"), to comply with the subpoena ("Subpoena") served on September 16, 2015, and produce the documents requested therein.[1] Attached hereto as Exhibit "1" and incorporated by reference herein is a true and correct copy of the Subpoena.

In this case, Bright House Networks has information about Doe Defendants, as its subscribers, who, in violation of the Computer Fraud and Abuse Act, under 18 U.S.C. § 1030, *et seq.* ("CFAA"), intentionally and maliciously committed an unauthorized access of Plaintiff's computer system. Plaintiff brought the instant action against Doe Defendants for, *inter alia*, violations of the CFAA, invasion of privacy, and civil harassment, and served the Subpoena requiring Bright House Networks to produce documents related to her claims against Doe Defendants.[2]

As stated herein, Plaintiff is entitled to these documents pursuant to Fed. R. Civ. P. Rule 26(b). However, on September 18, 2015, pursuant to 47 U.S.C. § 551, Bright House Networks, submitted a letter towards Plaintiff and refused to produce the requested documents without a court order.[3] Attached hereto as Exhibit "2" and incorporated by reference herein is a true and correct copy of the letter. Accordingly, Plaintiff moves that this Court order Bright House Networks to respond to Plaintiff's Subpoena and provide the requested information.

---

[1] See Compl., ¶¶ 7, 11, 13, 25-33; see also Atrizadeh Decl., ¶ 3.
[2] See Atrizadeh Decl., ¶ 4.
[3] See Atrizadeh Decl., ¶ 5.

## II. ARGUMENT

### A. <u>The Cable Communications Privacy Act of 1984 Requires Bright House Networks to Properly Respond to Plaintiff's Subpoena</u>

The Cable Communications Privacy Act of 1984, codified at 47 U.S.C. § 551 et seq. ("Act"), created "a nationwide standard for the privacy protection of cable subscribers." See *H.R. Rep. No. 98-934, pt. IV*, at 76 (1984) reprinted in 1984 U.S.C.C.A.N. 4655, 4713. Section 551(c) of the Act states that "personally identifiable information" about subscribers may be disclosed by a cable operator pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."

It is clear that "[t]here is no privilege or restriction on releasing customer records to a non-governmental[1] entity pursuant to a court order." *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002). Moreover, under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1).

Accordingly, courts routinely allow discovery of personally identifiable information of subscribers from cable television operators and Internet Service Providers ("ISP") by third parties where such discovery is relevant to a claim or defense of a party. See, e.g., *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) (citing Fed. R. Civ. P. 26(b)(1), the court held that the district court erred in not ordering access to cable subscription lists pursuant to 47 U.S.C. § 551(c)(2)(B)); *In re U.S.*, 36 F. Supp. 2d 430 (D. Mass. 1999) (Young C. J.) (court issued order pursuant to 18 U.S.C. § 2703(d), under seal, directing cable television operator-ISP to disclose specific information regarding subscribers without notice to subscribers); *In re Subpoena Duces Tecum to America Online, Inc.*, 2000 WL 1210372 (Cir. Ct. Va., January 31, 2000) *reversed on other grds., sub. nom., America Online Inc. v. Anonymous Publicly Traded Co.*, 542 S.E.2d 377 (Va. 2001) (court holds that ISP must

respond to a *subpoena duces tecum* requiring it to identify four Internet service subscribers who allegedly anonymously posted defamatory statements and confidential insider information on the Internet).

**B. This Court Should Order Bright House Networks to Comply With The Subpoena Because It Seeks Basic Subscriber Information Relevant To Plaintiff's Claims**

Here, Plaintiff has properly served the Subpoena that is narrowly tailored to procure documents directly relevant to her claim that Doe Defendants allegedly violated the CFAA.[4] The documents requested by the Subpoena seek basic subscriber information (e.g., name, address, telephone number, e-mail address, account creation/deletion date, Internet Protocol, and/or Media Access Control addresses) of certain and cognizable accounts relating to the alleged unauthorized access. [5] As such, the basic subscriber information that is sought is clearly within the scope of permitted discovery under Fed. R. Civ. P. Rule 26(b).

Moreover, the courts routinely allow discovery of personally identifiable information of a John Doe, especially where a plaintiff alleges that an improper act was committed by the John Doe. *In re U.S.*, 36 F. Supp. 2d 430 (D. Mass. 1999) (Young C.J.); *In re Verizon Internet Services, Inc.*, 2003 WL 141147 (D.D.C. January 21, 2003) (court held that copyright holder has the right under the Digital Millennium Copyright Act to compel service provider to produce information, which identifies individual who allegedly transmitted infringing materials over service provider's network and granted motion to compel ISP to comply with a subpoena and produce certain personally identifiable information which would identify a Verizon customer who improperly downloaded MP3 files); *In re Subpoena Duces Tecum to America Online, Inc.*, 2000 WL 1210372 (Cir. Ct. Va., January 31, 2000) *reversed on other grds., sub. nom., America Online Inc. v. Anonymous Publicly Traded Co.*, 542 S.E.2d 377 (Va. 2001).

The courts have applied a "good faith" standard in determining whether to authorize

[4] See Atrizadeh Decl., ¶ 6.
[5] See Atrizadeh Decl., ¶ 7.

disclosure pursuant to 47 U.S.C. § 551(c)(2)(B). See *Doe v. Cahill,* 884 A.2d 451 (Del. 2005). Thus, such disclosure is generally permitted upon a showing that: (1) plaintiff had a legitimate, good faith basis upon which to bring the underlying claim; (2) the identifying information sought was directly and materially related to her claim; and (3) the information could not be obtained from any other source. See *Indep. Newspapers, Inc. v. Brodie,* 407 Md. 415, 444 (Md. 2009) *(quoting Doe v. Cahill).*

Plaintiff certainly meets all three of these requirements. Hence, this Court should authorize the disclosure of the subscriber's personally identifiable information. Briefly, as outlined in the Complaint, Defendants have allegedly engaged in activities constituting unauthorized access to computers (i.e., hacking), invasion of privacy, and civil harassment. [6] Secondly, Plaintiff simply wants to identify the unknown party who is responsible for the unlawful conduct alleged in the Complaint, in order to serve him/her with the Complaint. The identity of Doe Defendants is not just materially related to Plaintiff's claims, but it is essential to the continued prosecution of this action. Finally, as stated herein, the information relating to the identity of Doe Defendants cannot be obtained from any other source. [7]

Here, Plaintiff's investigation indicates that Doe Defendants used the services of Bright House Networks to engage in unlawful activities against Plaintiff. [8] Plaintiff, by and through her investigation, has determined that the 142.197.115.16 Internet Protocol ("IP") address was used to register an email account with Yahoo! Inc., under <u>bhanover@yahoo.com</u>, to violate state or federal laws. Thus, the unknown party used the abovementioned email account and IP address that was owned, operated, or registered by Bright House Networks, to engage in unlawful conduct against Plaintiff. [9] Accordingly, this Court should order Bright House

---

[6] See <u>Compl.</u>, ¶¶ 7, 13, 38, 43-48; see also <u>Atrizadeh Decl.</u>, ¶ 8.
[7] See <u>Atrizadeh Decl.</u>, ¶ 9.
[8] See <u>Atrizadeh Decl.</u>, ¶ 10.
[9] See <u>Atrizadeh Decl.</u>, ¶ 11.

Networks to produce the basic subscriber information requested in the Subpoena.

C. **Plaintiff Is Requesting An Order Authorizing Bright House Networks To Disclose Personally Identifying Information That Includes Protections To Its Subscribers**

Here, Plaintiff is requesting an order authorizing Bright House Networks to disclose personally identifying information that includes protections to its subscribers. Plaintiff has submitted her [Proposed] Order that is attached hereto and incorporated by reference herein in a manner for the subscribers to have sufficient notification of the Subpoena. Prior to, or on the day of service, Plaintiff will email copies of the Subpoena to the subscribers, pursuant to this Court's order. Plaintiff will also instruct Bright House Networks to give notice of the Subpoena to its subscribers, and to refrain from producing the basic subscriber information for twenty-one (21) days to give its subscribers time to file a motion to quash.

D. **Plaintiff Moves For An Order Shortening Time To Hear This Motion Due To The Exigent Circumstances**

At this time, the United States has no mandatory data retention laws. [10] See https://www.eff.org/issues/mandatory-data-retention/us; Cf. Anne Cheung & Rolf H. Weber, *Internet Governance and the Responsibility of Internet Service Providers*, 26 Wis. Int'l L.J. 403 (2008); Christopher Soghoian, *An End to Privacy Theater: Exposing and Discouraging Corporate Disclosure of User Data to the Government*, 12 Minn. J.L. Sci. & Tech. 191, 209-214 (noting that some ISPs in Sweden have enacted zero data retention policies in response to customer demands, but none of the major American ISPs or telecommunications carriers have made such enactments). **As such, there is a probability that Bright House Networks will delete the relevant data from its servers in the near future.** Therefore, if this Motion is not granted, Bright House Networks may no longer yield the requested basic subscriber information. [11]

[10] Atrizadeh Decl., ¶ 12.
[11] Atrizadeh Decl., ¶ 12.

In the past, the courts have recognized that, absent a court-ordered subpoena, many of ISPs, who qualified as "cable operators" for purposes of 47 U.S.C. § 522(5), were effectively prohibited by 47 U.S.C. § 551(c) from disclosing identities of putative defendants to plaintiff. See *Digital Sin, Inc. v. Does 1-176* (S.D. N.Y. 2012) 279 F.R.D. 229. As stated hereinabove, Bright House Networks has failed and/or refused to comply with the Subpoena. Here, Plaintiff has utilized all avenues and options to resolve this matter without this Court's intervention. However, based upon Bright House Networks' objection, Plaintiff needs a court order to obtain the necessary basic subscriber information to identify Doe Defendants.[12] Therefore, Plaintiff hereby moves for an Order Shortening Time pursuant to the applicable rules and regulations.

## III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests from this Honorable Court to grant this Motion and issue an Order to compel non-party deponent, Bright House Networks, LLC, to comply with the Subpoena and produce all responsive documents. Furthermore, Plaintiff hereby moves for an Order Shortening Time pursuant to Rule 6 of the Federal Rules of Civil Procedure and/or Local Rule 6-1.

Dated: September 25, 2015

**LAW OFFICES OF SALAR ATRIZADEH**

By: /s/ Salar Atrizadeh
SALAR ATRIZADEH, ESQ.
Attorneys for Plaintiff
STEPHANIE SMYTHE

[12] Atrizadeh Decl., ¶ 12.

# EXHIBIT "1"

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

STEPHANIE SMYTHE, an individual,
*Plaintiff*
v.
Does 1-10, inclusive
*Defendant*

Civil Action No. 2:15-cv-04801-R (MRWx)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Bright House Networks, LLC
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See EXHIBIT "A"

| Place: Law Offices of Salar Atrizadeh<br>9701 Wilshire Blvd., 10th Floor<br>Beverly Hills, CA 90212 | Date and Time:<br>10/02/2015 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/16/2015

*CLERK OF COURT*

OR

_________________________
*Signature of Clerk or Deputy Clerk*

/s/ Salar Atrizadeh, Esq.
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Stephanie Smythe, who issues or requests this subpoena, are:
Salar Atrizadeh, Esq. 9701 Wilshire Blvd., 10th Floor, Beverly Hills, CA 90212
Email: salar@atrizadeh.com T: 310-694-3034 | F: 310-694-3057

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT "A"**

Case Name: *Stephanie Smythe v. Does 1-10*
Case No.: 2:15-cv-04801-R (MRWx)

The name, address, telephone number, e-mail address, account creation/deletion date, Internet Protocol, and/or Media Access Control addresses, that is sufficient to identify the following email accounts, names, usernames, aliases, profiles, or Internet Protocol address:

1. Bill Hanover
2. BillHanover1@gmail.com
3. bhanover@yahoo.com
4. Bob Hanover
5. 142.197.115.16

**Salar Atrizadeh, Esq. (SBN: 255659)**
LAW OFFICES OF SALAR ATRIZADEH
9701 Wilshire Blvd., 10th Floor
Beverly Hills, CA 90212
Telephone: 310-694-3034
Facsimile: 310-694-3057
Email: salar@atrizadeh.com

Attorneys for Plaintiff
STEPHANIE SMYTHE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| STEPHANIE SMYTHE, an individual,<br>Plaintiff,<br>vs.<br>DOES 1-10, inclusive,<br>Defendants. | Case No.: 2:15–cv–04801–R (MRWx)<br><br>**PROOF OF SERVICE** |

# PROOF OF SERVICE

**STATE OF CALIFORNIA** )
) ss.
**COUNTY OF LOS ANGELES** )

I am employed in the County of Los Angeles. I am over the age of eighteen and not a party to the within action. My business address is 9701 Wilshire Blvd., 10th Floor, Beverly Hills, CA 90212. On September 16, 2015, I served the foregoing documents described as follows:

1. **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION; AND**
2. **PROOF OF SERVICE**

with supplemental documentation on the following interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed to:

Bright House Networks, LLC
c/o Neustar, Inc.
Legal Compliance
46000 Center Oak Plaza
Sterling, VA 20166
T: 1-877-510-4357
F: 571-434-3401
Email: fiduciaryservicesfax@neustar.biz

VIA ELECTRONIC MAIL
VIA FACSIMILE

Bright House Networks, LLC
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

VIA CERTIFIED U.S. MAIL

**METHOD:**

☒ STATE: I am "readily familiar" with the Law Offices of Salar Atrizadeh's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ BY ELECTRONIC SERVICE: Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's CM/ECF system.

☒ BY ELECTRONIC MAIL: Based on a court order or an agreement of the parties to accept service by electronic mail, I caused the document(s) to be sent to the person at the electronic notification address listed herein.

☒ BY CERTIFIED U.S. MAIL: I am "readily familiar" with the Law Offices of Salar Atrizadeh's practice of collection and processing correspondence for mailing with the United States Postal Service; such envelope will be deposited with the United States Postal Service on the above date in the ordinary course of business at the business address shown above; and such envelope was placed for collection and mailing, by Certified United States Mail, on the aforesaid date according to the Law Offices of Salar Atrizadeh's ordinary business practice.

☐ BY PERSONAL SERVICE: I caused a copy of such document(s) to be delivered by hand to the offices of the addressee between the hours of 9:00 A.M. and 5:00 P.M.

☒ BY FACSIMILE: I caused such documents to be transmitted to the fax number of the addressee listed on the attached service list, by use of facsimile machine telephone number. The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

☐ STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ FEDERAL: I declare under the penalty of perjury that I am a member in good standing of the bar of this court. I also declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 16, 2015, at Los Angeles, California:

/s/ Salar Atrizadeh
SALAR ATRIZADEH

# EXHIBIT "2"

SUBSENTIO
To Notice Secretly

09/18/2015

*Salar Atrizadeh, Esq.,Attorney for Stephanie Smythe*
*9701 Wilshire Blvd, 10th Floor*
*Beverly Hills, CA 90212*

Re: Stephanie Smythe v. Does 1-10, 2:15-cv-04801-R (MRWx)
Control # MA7881
**Target Details :** IP Address 142.197.115.16

Dear Salar Atrizadeh, Esq., Attorney for Stephanie Smythe

We are a designated agent of Bright House Networks, LLC authorized to respond to subpoenas, search warrants, and court orders for the production of customer and call detail records. We have received a copy of a Civil Proceeding Subpoena Request, served upon Bright House Networks, LLC requesting records for 142.197.115.16. This letter is to advise you that:

**_X_ We have some questions about your legal process that may require that it be revised. – see attached Validation Checklist Document.**

If you have any questions please contact Michael Allison at (877) 510-4357. When calling, please reference the control number # MA7881 to enable us to retrieve the subpoena and letter from our files for the contact.

Very truly yours,

Michael J Allison

Michael Allison
Authorized Agent for Custodian of Records
Bright House Networks, LLC

SUBSENTIO
To Notice Secretly

## Validation Checklist Document

Please contact us at your earliest convenience to further discuss these issues:

___ Legal Process was addressed to the incorrect corporate name. Legal Process must be addressed to.

_X_ **Cable Act (Title 47 U.S.C. § 551) provisions apply:**

_X_ **Records specified cannot be provided with the type of legal process that you have used; judicially approved court order is required for the release of the sought data.**

___ Please note that that the judicially approved court order must contain a DO NOT DISCLOSE clause. Otherwise Bright House Networks, LLC is required to notify its subscriber(s) of your request.

___ Sample DO NOT DISCLOSE language: "It is requested that Bright House Networks, LLC does not notify its subscriber(s) of this request as such notification might interfere with this proceeding.", "You are requested not to disclose the existence of this request. Any such disclosure could impede the investigation being conducted of thereby interfere with the enforcement of the law."

_X_ **Should Bright House Networks, LLC be required to notify its subscriber(s) of your request, the release of the sought records will be delayed. Please contact us to discuss the delay details.**

___ We are unable to identify the records you are requesting due to the broad language that was used in describing the records sought. Sample language: Incoming Calls, Outgoing Call, Payment Data, Subscriber Info (name and address), etc.

_X_ **Other: Brighthouse Networks utilizes dynamic IP addresses. In order to identify a unique user account a specific timeframe or timestamp is needed for the IP address in question. Please provide a timestamp or narrow timeframe for the IP address in question.**

**In order to comply with your request please fax revised legal process to 571-434-3401, Attn: Mike, Case# MA7881 or email to Michael.allison@subsentio.com**

**Salar Atrizadeh, Esq. (SBN: 255659)**
LAW OFFICES OF SALAR ATRIZADEH
9701 Wilshire Blvd., 10th Floor
Beverly Hills, CA 90212
Telephone: 310-694-3034
Facsimile: 310-694-3057
Email: salar@atrizadeh.com

Attorneys for Plaintiff
STEPHANIE SMYTHE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION**

| | |
|---|---|
| STEPHANIE SMYTHE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:15-cv-04801-R (MRWx)<br><br>**DECLARATION OF SALAR ATRIZADEH, ESQ.**<br><br>Judge: Hon. Manuel L. Real<br>Date: November 2, 2015<br>Time: 10:00 a.m.<br>Crtm: No. 8 |

# DECLARATION OF SALAR ATRIZADEH, ESQ.

I, SALAR ATRIZADEH, declare that:

1. I am an attorney admitted to practice before all courts in the State of California and am the attorney of record for Plaintiff. The following facts and circumstances are personally known to me, and if called, I would competently testify thereto. I make this declaration in support of Plaintiff's Motion to Compel Compliance with Subpoena pursuant to the applicable federal and local rules.
2. In this matter, there is the potential of irreparable harm, immediate danger, and statutory basis for granting relief. As such, Plaintiff moves for an Order Shortening Time to hear this Motion due to the exigent circumstances set forth hereinbelow.
3. On September 16, 2015, my client served the Subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure upon non-party deponent, Bright House Networks, in order to obtain basic subscriber information.
4. Plaintiff brought the instant action against Doe Defendants for, *inter alia*, violations of the CFAA, invasion of privacy, and civil harassment, and served the Subpoena requiring Bright House Networks to produce documents related to her claims against Doe Defendants.
5. My client is entitled to these documents pursuant to Fed. R. Civ. P. Rule 26(b). However, on September 18, 2015, pursuant to 47 U.S.C. § 551, Bright House Networks, submitted a letter towards Plaintiff and refused to produce the requested documents without a court order.
6. Plaintiff has properly served the Subpoena that is narrowly tailored to procure documents directly relevant to her claim that Doe Defendants allegedly violated the Computer Fraud and Abuse Act.

7. The documents requested by the Subpoena seek basic subscriber information (e.g., name, address, telephone number, e-mail address, account creation/deletion date, Internet Protocol, and/or Media Access Control addresses) of certain and cognizable accounts relating to the alleged unauthorized access.

8. As outlined in the Complaint, Defendants have allegedly engaged in activities constituting unauthorized access to computers (i.e., hacking), invasion of privacy, and civil harassment.

9. Plaintiff simply wants to identify the unknown party who is responsible for the unlawful conduct alleged in the Complaint, in order to serve him/her with the Complaint. The identity of Doe Defendants is not just materially related to Plaintiff's claims, but it is essential to the continued prosecution of this action. Finally, the information relating to the identity of Doe Defendants cannot be obtained from any other source.

10. Plaintiff's investigation indicates that Doe Defendants used the services of Bright House Networks to engage in unlawful activities against Plaintiff.

11. My client, by and through her investigation, has determined that the 142.197.115.16 Internet Protocol ("IP") address was used to register an email account with Yahoo! Inc., under bhanover@yahoo.com, to violate state or federal laws. Thus, the unknown party used the abovementioned email account and IP address that was owned, operated, or registered by Bright House Networks, to engage in unlawful conduct against my client.

12. At this time, the United States has no mandatory data retention laws. As such, there is a probability that Bright House Networks will delete the relevant data from its servers in the near future. Therefore, if this Motion is not granted, Bright House Networks may no longer yield the requested basic subscriber information. Bright House Networks has failed and/or refused to comply with the Subpoena. My client has utilized all avenues and options to resolve this matter without this Court's intervention. However, based upon Bright House

Networks' objection, she needs a court order to obtain the necessary basic subscriber information to identify Doe Defendants.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 25, 2015, at Los Angeles, California.

/s/ Salar Atrizadeh
SALAR ATRIZADEH

**Salar Atrizadeh, Esq. (SBN: 255659)**
LAW OFFICES OF SALAR ATRIZADEH
9701 Wilshire Blvd., 10th Floor
Beverly Hills, CA 90212
Telephone: 310-694-3034
Facsimile: 310-694-3057
Email: salar@atrizadeh.com

Attorneys for Plaintiff
STEPHANIE SMYTHE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION**

| | |
|---|---|
| STEPHANIE SMYTHE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:15-cv-04801-R (MRWx)<br><br>**PROPOSED ORDER**<br><br>Judge: Hon. Manuel L. Real<br>Date: November 2, 2015<br>Time: 10:00 a.m.<br>Crtm: No. 8 |

The hearing on Plaintiff's Motion to Compel Compliance with Subpoena ("Motion") towards nonparty Bright House Networks, LLC ("Bright House Networks") came on for hearing in Courtroom 8 of this Court, located at 312 North Spring Street, Los Angeles, California 90012, on November 2, 2015, at 10:00 a.m. The appearances of counsel were waived pursuant to the Court's Order. This Court has read and has considered the Motion and related documents. It appears to its satisfaction that: (1) Plaintiff has a legitimate, good-faith basis upon which to bring the underlying claim; (2) the personally identifiable information sought was directly and materially related to her claim; and (3) the personally identifiable information cannot be obtained from any other source. As such, the Motion is **GRANTED**.

**THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff shall serve Bright House Networks with the Subpoena, accordingly;
2. Within 7 calendar days after service of the Subpoena, Bright House Networks shall notify its subscriber that his/her identity is sought by Plaintiff and serve a copy of this Order on each subscriber. The subscriber shall have 21 days from the date of the notice to file any motions in this Court contesting the Subpoena. The return date for the Subpoena must be set after the expiration of the 21-day period. If the subscriber contests the Subpoena, Bright House Networks must preserve, but not disclose, the information sought by the Subpoena pending resolution of the case; and
3. After the expiration of the abovementioned 21-day period, Bright House Networks shall provide the requested personally identifiable information, including, but not limited to, name, address, telephone/fax number, or e-mail address concerning the subscriber that was assigned the IP address of 142.197.115.16.

Dated: November ___, 2015

HON. MANUEL L. REAL
U.S. DISTRICT COURT JUDGE

**Salar Atrizadeh, Esq. (SBN: 255659)**
LAW OFFICES OF SALAR ATRIZADEH
9701 Wilshire Blvd., 10th Floor
Beverly Hills, CA 90212
Telephone: 310-694-3034
Facsimile: 310-694-3057
Email: salar@atrizadeh.com

Attorneys for Plaintiff
STEPHANIE SMYTHE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION**

| | |
|---|---|
| STEPHANIE SMYTHE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:15-cv-04801-R (MRWx)<br><br>**PROOF OF SERVICE**<br><br>Judge: Hon. Manuel L. Real<br>Date: November 2, 2015<br>Time: 10:00 a.m.<br>Crtm: No. 8 |

**PROOF OF SERVICE**

**STATE OF CALIFORNIA )**
**) ss.**
**COUNTY OF LOS ANGELES )**

I am employed in the County of Los Angeles. I am over the age of eighteen and not a party to the within action. My business address is 9701 Wilshire Blvd., 10th Floor, Beverly Hills, CA 90212. On September 25, 2015, I served the foregoing documents described as follows:

1. **PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA;**
2. **DECLARATION OF SALAR ATRIZADEH, ESQ.;**
3. **PROPOSED ORDER; AND**
4. **PROOF OF SERVICE**

with supplemental documentation on the following interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed to:

**United States District Court** — VIA U.S. MAIL

United States District Court
Attn: Hon. Manuel L. Real
312 North Spring Street, Crtm 8
Los Angeles, CA 90012

**Non-Party Deponent**

Bright House Networks, LLC
c/o Subsentio, Inc.
2001 E. Easter Avenue, Suite 302
Centennial, CO 80122
T: 303-794-6936
F: 571-434-3401
Email: Michael.allison@subsentio.com

VIA ELECTRONIC MAIL
VIA FACSIMILE

**METHOD:**

☒ STATE: I am "readily familiar" with the Law Offices of Salar Atrizadeh's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ BY ELECTRONIC SERVICE: Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's CM/ECF system.

☒ BY ELECTRONIC MAIL: Based on a court order or an agreement of the parties to accept service by electronic mail, I caused the document(s) to be sent to the person at the electronic notification address listed herein.

☒ BY U.S. MAIL: I am "readily familiar" with the Law Offices of Salar Atrizadeh's practice of collection and processing correspondence for mailing with the United States Postal Service; such envelope will be deposited with the United States Postal Service on the above date in the ordinary course of business at the business address shown above; and such envelope was placed for collection and mailing, by regular United States Mail, on the aforesaid date according to the Law Offices of Salar Atrizadeh's ordinary business practice.

☐ BY PERSONAL SERVICE: I caused a copy of such document(s) to be delivered by hand to the offices of the addressee between the hours of 9:00 A.M. and 5:00 P.M.

☒ BY FACSIMILE: I caused such documents to be transmitted to the fax number of the addressee listed on the attached service list, by use of facsimile machine telephone number. The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

☐ STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ FEDERAL: I declare under the penalty of perjury that I am a member in good standing of the bar of this court. I also declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 25, 2015, at Los Angeles, California:

/s/ Salar Atrizadeh
SALAR ATRIZADEH