NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE SMYTHE, an individual, ) | CASE NO. CV 15-4801-R |
| ) | |
| Plaintiff, ) | ORDER GRANTING, IN PART, |
| ) | MOVANTS MOTION TO QUASH |
| v. ) | SUBPOENAS DUCES TECUM |
| ) | |
| DOES 1-10, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Movant's, "camgirls4me", Motion to Quash Subpoenas Duces Tecum, pursuant to Federal Rule of Civil Procedure 45, which was filed on August 13, 2015. Having been thoroughly briefed by both parties, this Court took the matter under submission on September 15, 2015.

Plaintiff, a website operator, alleges that she has been the victim of cyber harassment and cyberstalking by several unknown individuals. Plaintiff contends that the unknown defendants revealed her true identity to the public and anonymously published disparaging statements and private information about her on various Internet sites. Plaintiff further claims that the unknown defendants used hacked passwords to access and control her website and email accounts.

Shortly after filing her Complaint, Plaintiff served a *Subpoena to Produce Documents,*

1 *Information, or Objects or to Permit Inspection of Premises in a Civil Action* to
2 "MyFreeCams.com" seeking: "[t]he address, telephone number, e-mail address, account
3 creation/deletion date, Internet Protocol Logs, List of Authorized/Unauthorized Accesses, Account
4 Access Logs, Internet Protocol, and/or Media Access Control addresses that is sufficient to
5 identify the following email account, name, username, alias, or profile: 1. camgirls4me." Movant,
6 "camgirls4me", now moves to quash the *Subpoena to Produce Documents, Information, or*
7 *Objects or to Permit Inspection of Premises in a Civil Action* pursuant to Rule 45 of the Federal
8 Rules of Civil Procedure.

9  Rule 45 authorizes the issuance of a subpoena commanding a non-party to attend and
10 testify; produce designated documents, electronically stored information, or tangible things in that
11 non-party's possession, custody or control; or permit the inspection of premises. Fed. R. Civ. P.
12 45(a)(1)(A)(iii). The scope of discovery through a Rule 45 subpoena is the same as that applicable
13 to the other discovery rules. Fed. R. Civ. P. 45 advisory committee's note (1970).

14  The scope of discovery under Federal Rule of Civil Procedure 26 is broad.  Rule 26
15 provides, in general, that "[p]arties may obtain discovery regarding any matter, not privileged, that
16 is relevant to the claim or defense of any party. . . . For good cause, the court may order discovery
17 of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1).  As the
18 Supreme Court reiterated in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), relevance
19 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead
20 to other matter that could bear on, any issue that is or may be in the case."

21  Discovery is not unfettered, however. A court must limit the extent or frequency of
22 discovery if it finds that (a) the discovery sought is unreasonably cumulative or duplicative or can
23 be obtained from a source that is more convenient, less burdensome or less expensive, (b) the
24 party seeking discovery has had ample opportunity to obtain the information through discovery; or
25 (c) the burden or expense of the discovery sought outweighs its likely benefit, considering the
26 needs of the case, the amount in controversy, the parties' resources, the importance of the issues at
27 stake, and the importance of the discovery in resolving those issues. Fed. R. Civ. P. 26(b)(2)(C)(i)-
28 (iii).

In the instant action, Discovery relating to deciphering and identifying the identities of the individual or individuals who took such action complained of by Plaintiff is essential to this case. Basic subscriber information, the purpose of which is to identify potential defendants, is permissibly discoverable. While the First Amendment provides some rights regarding anonymity, it is not a blanket shield from liability under the law for all speech. An assertion of anonymity for fear of being connected to potentially illegal action is unpersuasive. *See Call of the Wild Movie, LLC v. Smith*, 274 F.R.D. 334, 337-38 (D.C. 2011). Movant remains free to deny allegations of such conduct if it is ultimately named in this suit. *Id.* This is an insufficient basis to quash the subpoenas at issue, however, as doing so would deny Plaintiff access to the information critical to bringing Movant, or other defendants, properly into the lawsuit to address the merits of Plaintiff's claim and Movant's or other defendants' defenses. *Id.* As such, the subpoenas are permissible for the narrow purpose of obtaining potentially identifying information regarding Defendants' identities from the third parties.

Because Plaintiff is amenable, and to avoid any potential privacy interests, the subpoenas duces tecum are modified such that they pertain only to basic subscriber information relating to potentially identifying information. The subpoenas do not pertain to any other information related to trade secrets or confidential commercial information and no such information need be produced in response to the subpoenas at issue.

As modified, the subpoenas at issue do not place an undue burden on Movant. Concerns regarding undue embarrassment or humiliation are unpersuasive. Where, as here, the claims appear colorable, a defendant cannot shield its identity merely based on embarrassment of association with the actions it is alleged to have taken; to hold otherwise would be to allow defendants to shirk responsibility for violating conduct. *See contra*, *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999).

/ / / / /

/ / / / /

/ / / / /

/ / / / /

1　　**IT IS HEREBY ORDERED** that Movant's Motion to Quash Subpoenas Duces Tecum is
2　GRANTED, IN PART, such that the subpoenas duces tecum are circumscribed to pertain solely to
3　basic subscriber information. (Dkt. No. 17).
4　Dated: September 25, 2015.

_____
　　　　　　MANUEL L. REAL
　　　UNITED STATES DISTRICT JUDGE