NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE SMYTHE, an individual, ) | CASE NO.  CV 15-4801-R |
| ) | |
| Plaintiff, ) | ORDER GRANTING PLAINTIFF'S |
| ) | MOTION TO COMPEL COMPLIANCE |
| v. ) | WITH SUBPOENA |
| ) | |
| DOES 1-10, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

    Before the Court is Plaintiff's Motions to Compel Compliance with Subpoena, which was filed on September 25, 2015.  (Dkt. No. 21).  This Court took the matter under submission on October 27, 2015.

    Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena commanding a non-party to attend and testify; produce designated documents, electronically stored information, or tangible things in that non-party's possession, custody or control; or permit the inspection of premises.  Fed. R. Civ. P. 45(a)(1)(A)(iii).  The scope of discovery through a Rule 45 subpoena is the same as that applicable to the other discovery rules.  Fed. R. Civ. P. 45 Advisory Committee's Notes (1970).

The scope of discovery under Federal Rule of Civil Procedure 26 is broad. Rule 26 provides, in general, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). As the Supreme Court reiterated in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."

Discovery is not unfettered, however. A court must limit the extent or frequency of discovery if it finds that (a) the discovery sought is unreasonably cumulative or duplicative or can be obtained from a source that is more convenient, less burdensome or less expensive, (b) the party seeking discovery has had ample opportunity to obtain the information through discovery; or (c) the burden or expense of the discovery sought outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the discovery in resolving those issues. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

The instant case concerns the posting of information pertaining to Plaintiff on the internet. Discovery relating to deciphering and identifying the identities of the individual or individuals who took these actions is essential to this case. The information sought by the subpoenas at issue is directly relevant to such identifying information.

Basic subscriber information, the purpose of which is to identify potential Defendants, is permissible discovery. While the First Amendment provides some rights regarding anonymity, it is not a blanket shield from liability under the law for all speech. An assertion of anonymity for fear of being connected to potentially illegal action is unpersuasive. *See Call of the Wild Movie, LLC v. Smith*, 274 F.R.D. 334, 337-38 (D.C. 2011). As such, the subpoenas are permissible for the narrow purpose of obtaining potentially identifying information regarding Defendants' identities from the third party.

Plaintiff further asserts that should Bright House Networks be allowed to provide the requested information on a normal discovery timeline, the relevant information may be destroyed,

1 as no data retention laws would likely protect the information from any routine destruction,
2 pursuant to company retention policies. Bright House Networks, however, has requested
3 additional information in order to be able to comply with Plaintiff's subpoena request. Bright
4 House Networks explains it must be provided with a specific timeframe or timestamp from
5 Plaintiff in order to identify the IP address in question. If the Plaintiff has still failed to provide
6 this information, it must do so as soon as possible, and no later than November 12, 2015. Upon
7 receipt of this information, Bright House Networks must provide the requested identifying
8 information as soon as possible and no later than seven days after receipt of the timeframe
9 information by Plaintiff. Bright House Networks is also ordered to take reasonable and lawful
10 steps to prevent any potentially relevant information from destruction, even should such steps
11 modify its normal data retention procedures, until after production to Plaintiff.

12 **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Compliance with
13 Subpoena is GRANTED. (Dkt. No. 21).

14 **IT IS FURTHER ORDERED** that Plaintiff provides a specific timeframe or timestamp to
15 Bright House Networks, in order to allow Bright House Networks to identify the IP address in
16 question, no later than November 12, 2015.

17 **IT IS FURTHER ORDERED** that Bright House Networks provide the customer
18 identifying information to Plaintiff within seven (7) days of receipt of the timeframe information
19 provided by Plaintiff.

20 **IT IS FURTHER ORDERED** that Bright House Networks take reasonable and lawful
21 steps to prevent any potentially relevant information from destruction, even should such steps
22 modify its normal data retention procedures, until after production to Plaintiff.

23 Dated: November 9, 2015.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE