NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE SMYTHE, an individual, ) | CASE NO. CV 15-4801-R |
| ) | |
| Plaintiff, ) | ORDER GRANTING PLAINTIFF'S |
| ) | MOTION TO COMPEL COMPLIANCE |
| v. ) | WITH SUBPOENA FROM TIME |
| ) | WARNER CABLE |
| DOES 1-10, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

    Before the Court is Plaintiff's Motions to Compel Compliance with Subpoena, which was filed on October 20, 2015. (Dkt. No. 24). This Court took the matter under submission on November 10, 2015.

    Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena commanding a non-party to attend and testify; produce designated documents, electronically stored information, or tangible things in that non-party's possession, custody or control; or permit the inspection of premises. Fed. R. Civ. P. 45(a)(1)(A)(iii). The scope of discovery through a Rule 45 subpoena is the same that applies to the other discovery rules. Fed. R. Civ. P. 45 Advisory Committee's Notes (1970).

1    The scope of discovery under Federal Rule of Civil Procedure 26 is broad. Rule 26
2 provides, in general, that "[p]arties may obtain discovery regarding any matter, not privileged, that
3 is relevant to the claim or defense of any party . . . For good cause, the court may order discovery
4 of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). As
5 the Supreme Court reiterated in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978),
6 relevance "has been construed broadly to encompass any matter that bears on, or that reasonably
7 could lead to other matter that could bear on, any issue that is or may be in the case."

8    Discovery is not unfettered, however. A court must limit the extent or frequency of
9 discovery if it finds that (a) the discovery sought is unreasonably cumulative or duplicative or can
10 be obtained from a source that is more convenient, less burdensome or less expensive, (b) the
11 party seeking discovery has had ample opportunity to obtain the information through discovery; or
12 (c) the burden or expense of the discovery sought outweighs its likely benefit, considering the
13 needs of the case, the amount in controversy, the parties' resources, the importance of the issues at
14 stake, and the importance of the discovery in resolving those issues. Fed. R. Civ. P. 26(b)(2)(C)(i)-
15 (iii).

16    The instant case concerns the posting of information pertaining to Plaintiff on the internet.
17 Discovery relating to deciphering and identifying the identities of the individual or individuals
18 who took these actions is essential to this case. The information sought by the subpoenas at issue
19 is directly relevant to such identifying information.

20    Basic subscriber information, the purpose of which is to identify potential Defendants, is
21 permissible discovery. While the First Amendment provides some rights regarding anonymity, it
22 is not a blanket shield from liability under the law for all speech. An assertion of anonymity for
23 fear of being connected to potentially illegal action is unpersuasive. *See Call of the Wild Movie,*
24 *LLC v. Smith*, 274 F.R.D. 334, 337-38 (D.C. 2011). As such, the subpoenas are permissible for
25 the narrow purpose of obtaining potentially identifying information regarding Defendants'
26 identities from the third party.

27    Time Warner Cable, Inc. must notify the subscribers of the pending subpoena as soon as
28 possible but no later than November 25, 2015. Twenty-one (21) days following Time Warner

Cable, Inc. notification to its subscribers, it must provide the requested identifying information to Plaintiff.

Plaintiff further asserts that should Time Warner Cable, Inc. be allowed to provide the requested information on a normal discovery timeline, the relevant information may be destroyed, as no data retention laws would likely protect the information from any routine destruction, pursuant to company retention policies. Time Warner Cable, Inc. is ordered to take reasonable and lawful steps to prevent any potentially relevant information from destruction, even should such steps modify its normal data retention procedures, until after production to Plaintiff.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Compliance with Subpoena is GRANTED. (Dkt. No. 24).

**IT IS FURTHER ORDERED** that Time Warner Cable, Inc. notify the subscribers of the pending subpoena as soon as possible, but no later than November 25, 2015, and to provide the requested subscriber information to Plaintiff within twenty-one (21) days after having providing this notice to its subscribers.

**IT IS FURTHER ORDERED** that Time Warner Cable, Inc. take reasonable and lawful steps to prevent any potentially relevant information from destruction, even should such steps modify its normal data retention procedures, until after production to Plaintiff.

Dated: November 17, 2015.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE